IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, And THE DEPARTMENT OF EDUCATION,<br><br>        Plaintiffs,<br>v.<br><br>Mr. & Mrs. SQJ, IV<br>Parents of SQJ, V,<br>        Defendants. | C.A. No.:06-770 |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, Mr. & Mrs. SQJ, IV, Parents of SQJ, V, by and through their Attorney, Patricia M. O'Neill, Esquire, respond to the averments contained in the Complaint as follows:

### THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted. Factually, the Defendants have " Prevailing Party" status by virtue of the decision which is subject of this Complaint pursuant to the Administrative Due Process Hearing decided on September 20, 2006.

### JURISDICTION

4-6  Admitted.

### STATEMENT OF FACTS

7. Admitted. However, Defendants deny that placement at the District's

proposed placement at the Delaware School for the Deaf is appropriate or the "least restrictive environment."

8. Denied. The IEP team failed to develop an appropriate IEP for the school year 2006-2007; additionally the IEP team failed to provide an appropriate placement for school year 2006-2007.

## THE IEP IN DISPUTE

9. Admitted in part. Denied in part. It is admitted that an IEP was developed for the latter part of the child's 5th grade. It is denied that the IEP was for 6th grade. It is further denied that the District's placement at the Delaware School for the Deaf was the appropriate placement. Parents at all times relevant thereto, informed the school and the District that they wanted the child in an appropriate setting for 6th grade and parents requested a placement in another school. The District admitted that any placement within the District was not appropriate due to class size. Parents found an appropriate placement for the child at a private school for the following school year.

10. Admitted.

11. Admitted.

12. Admitted. Denied that oral arguments were heard. Written Briefs were submitted by the Parties.

13. Admitted that a decision was issued on September 20, 2006. The Panel's Decision stated that the District in the rational exercise of discretion, should provide a sign-language interpreter as a related service and that that liability continues over the parents' unilateral placement. (See attached Decision at 26).

14. Denied. The Panel did not exceed its authority and arbitrarily determine that

the District is required to provide an ASL interpreter to a child within its boundaries as required under to the IDEIA regulations as cited in the decision. (Decision at 17 through 20).

15. Denied. It is denied that private school children are not eligible for related services at District's expense.

16. Denied.

17. Admitted.

**WHEREFORE**, Defendants respectfully request the following:

    A) Dismiss the Plaintiffs' complaint;

    B) Order the Defendants to comply with the Decision of the Independent Hearing Panel requiring payment of the cost of the ASL interpreter until resolution of this matter;

    C). Order Defendants to pay attorney's fees and costs involved in this matter as Defendants are the Prevailing Party.

---

| | |
|---|---|
| Mr. & Mrs. SQJ, IV individually and on behalf of their son, SQJ, V, : : | |
|     Plaintiffs, : : | C.A. No. O6-770 |
|     v. : : | |
| : | Civil Action |
| Valerie Woodruff, Secretary of Education : | Counterclaim |
| For the State of Delaware; : | |
| The APPOQUINIMINK School District; : | |
| The State of Delaware Department of Education, : | |
|     Defendants. : | |

### COUNTERCLAIM BY ABOVE NAMED DEFENDANTS AGAINST THE PLAINTIFFS THE APPOQUINIMINK AND THE DELAWARE DEPARTMEENT OF EDUCATION

Plaintiffs on the Counterclaim, Mr. & Mrs. SQJ, IV, Parents of SQJ, V, by and through their Attorney, Patricia M. O'Neill, Esquire, aver the following:

**I.    JURISDICTION**

18. This Court has jurisdiction under 42 U.S.C. Sections 1983, 1985, and 1988; U.S.C. Sections 1331 and 1343, in that this counterclaim presents claims under federal law, including laws provided for the protection of equal and civil rights; and under the 20 U.S.C. Section 1415, in that this counterclaim presents claims under the Individuals with Disabilities Education Improvement Act of 2004, effective July 2005 (IDEIA) Section 1400 *et.seq.;* The Rehabilitation Act of 1973, Sections 504 and 595; The Americans with Disabilities Act of 1990. Declaratory Relief is sought under 28 U.S.C. Section 2201. Venue is proper under U.S.C. Section 1391.

**II.    PARTIES**

19. Plaintiffs are SQJ, V, a minor by and through his Parents, Mr. & Mrs. SQJ, IV, and Mr. & Mrs. SQJ, IV, individually. The Plaintiffs reside at 151 Back Creek Drive, Middletown, DE 19709, located within the Appoquinimink School District and the State of Delaware.

20. Defendant Valerie Woodruff, (Defendant Woodruff) is the Secretary of Education for the State of Delaware. Under Delaware law, Defendant Woodruff is responsible for the overall administration of the Delaware Department of Education. Defendant Woodruff is sued in her official capacity only.

21. Defendant, the State of Delaware Department of Education (DOE), is the state agency responsible for administrating public school within the state. DOE has the authority and the duty to cause Defendant District to comply with the requirements if

the IDEIA, its implementation and state law.  DOE has the obligation to provide a free appropriate public education to Plaintiff child if the Defendant District fails to do so or is unwilling to do so.  As a result of the DOE's failure to assure compliance with the IDEIA by Defendant District, Plaintiff child has been denied related services of an American Sign Language interpreter at a private school located within the District as required by IDEIA, and its Regulations, 300.130, *et.seq.* Further, the DOE failed to assure compliance with the IDEIA by allowing the Defendant District to act in an unreasonable manner and an abuse of discretion in its decision to refuse to pay for a related service it was willing to pay if the child attended a school located within the District, although that school was deemed inappropriate by the Defendant District.   Alternatively, the DOE failed to assure that the Defendant District provided the Plaintiff child a free appropriate public education in the least restrictive environment.  Both Defendant Woodruff and Defendant DOE are located at the John G. Townsend Building, 401 Federal Street Drive, Dover De  19901.

22. Defendant, Appoquinimink School District, is a local educational school district organized under Delaware Laws and is the local educational agency (Defendant District).  Defendant District is responsible for and obligated under the IDEIA to provide related services to Plaintiff child in a private school; not  to act in an unreasonable manner in its decision to refuse to pay for a related service it was willing to pay if the child attended a school located within the District, and/or also  to provide a free appropriate public education in the least restrictive environment.  Defendant District is located at 118 S. 6th Street, Odessa, De 19730.

### III.    FACTS

23. SQJ,V is an 11 year old child who is profoundly deaf and has attended Delaware School for the Deaf (DSD) since he was 16 months old. SQJ,V attended DSD for the fifth grade. SQJ,V is an identified child under the Individuals with Disabilities Education Act (IDEA) and has an Individual Educational Program (IEP).

24. SQJ,V's needs identified on his IEP for school year 2005-2006, in pertinent part, include spelling, written English, reading comprehension. SQJ,V's needs identified on his IEP for school year 2006-2007, the year in question, also include spelling, written English, reading comprehension, and added math computation. SQJ,V's reading goals on his IEP for the school year 2005-2006 is: SQJ,V will increase his comprehension of reading materials at or above his reading level; his Present Level of Educational Performance on his IEP for school year 2005-2006 states that he is on or about the 3rd grade reading level. SQJ,V's reading goals on his IEP for school year 2006-2007, the year is question, states: SQJ,V will increase his comprehension of reading materials at or above his reading level; his Present Level of Educational Performance on his IEP for school year 2006-2007 states that he is on or about the 3rd grade reading level.

25. SQJ,V failed to master his listed goals on his IEP at the 2nd grade level, i.e., given a text at or above a 2nd grade reading level, he will make inferences and draw conclusions about the content, events, character and settings; on 11/9/05 he failed to master the goal using a graphic organizer 2 out of 3 and answering questions 3 out of 5. Mastery is 4 out of 5 for both. Additionally on the next goal: answer text based and open-ended questions with relevant details from the text -with prompts 2 out of 5 and without prompts 3 out of 5. Mastery is 4 out of 5 times. Despite failure to achieve his prior goals, SQJ,V reading level was listed at or above 3rd grade. SQJ,V's test results on

the STAR test were listed at grade 2 and 2 months (2.2) in Spring of 2005 and grade 2 and one month (2.1)in Spring of 2006. SQJ,V's test results on the IRI were listed at independent at 2nd grade and instructional at 3rd grade in Spring 2005 and independent at 2nd grade and instructional at 3rd grade in Fall of 2005.

26. SQJ,V's fifth grade results on the Delaware Student Testing Program (DSTP) were below the standard for both reading and writing. His fourth grade results in reading were between progress warning and satisfactory. Writing was satisfactory. SQJ,V's was below grade level in reading, writing and spelling based on test scores and written work. The IEP goals are not measurable.

27. DSD is currently in academic review status because the school failed to meet the state standards.

28. At all times relevant hereto, Parents expressed concerns that SQJ,V was reading and testing at about a 2nd grade, 3rd grade level and that he was the 5th grade. Prior to the Due Process Hearing, no one at DSD ever informed the Parents that SQJ,V could not be mainstreamed nor had a problem with language development.

29. The purpose of a meeting in November 2005 was to discuss placement for 6th grade, to review ELA progress and to add math goals. Placement options were discussed, however no one at the meeting informed the Parents that SQJ,V needed to stay at DSD. At all times relevant hereto, SQJ,V had no peers at DSD for social or emotional interaction. SQJ,V told his Mother that he did not want to return to DSD.

30. Parents requested a representative with decision making power, from the home district, Appoquinimink, attend the IEP meeting in November 2005 because there would be questions regarding placement that not just anyone could answer. That

request was not honored.  None the less, Parents visited two schools in Appoquinimink School District and neither school had a deaf child in attendance. ASL services were offered by the Defendant District at either of its two school, but, not if the child went to a private school.  No children were able to sign in any of the District's schools visited by the Parents. The proposed classroom had 30 plus children.

31.  Parents placed the child at a private school wherein his social and academic needs can be.  Parents requested a Due Process Hearing for the purposes of reimbursement of tuition for Defendant' District's failure to provide FAPE and an IEP reasonably calculated to provide meaningful education.

32. Parents were the prevailing party of the Due Process Panel's Decision which is the subject of this matter.  The Panel ordered the Defendant District to pay for the ASL interpreter hired to accompany the child at the private school.

33.  Despite two request for payment of the bill for the interpreter, Defendant District has failed to reimburse payment.

## COUNTS AGAINST ALL DEFENDANTS

Incorporating all other elements of this counterclaim, Plaintiffs set forth the following causes of action against all defendants:

## COUNT I

### Individuals with Disabilities Education Improvement Act

34.  The IDEIA provides disabled children the right to a free appropriate public education in the least restrictive environment geared to one's own unique needs. The education must be provided by the District under the supervision of the state and set forth in the child's Individual Education Program (IEP).  Thus, the IDEIA guarantees to a child

with a disability that he will receive a free appropriate public education. 20 U.S.C. Sec. 1415 (a).

35. The IDEIA includes the right of parents to participate in the development of the IEP. 20. U.S.C. Sec. 1401, 1415. The IDEIA's safeguards are intended to guarantee parents both an opportunity for meaningful input into all decisions affecting the child's education and the right to seek review of inappropriate decisions. See Sections 1400 ©, 1401 (19), 1412 (7), 1415 (b) (1), (A), (C), (D), (E) and 1415 (b) (2).

36. The IDEIA also requires a school district to find children in the district who attend a private school and may be in need of related services. This is well known as the Child Find obligation. See Regulation 300.130.

37. Defendant District has violated the IDEIA by failing to provide related services to a disabled child attending a private school within the district; abusing its discretion in unreasonably with holding payment of an ASL interpreter in a private school when it was willing to pay for the same service in the district and/ failing to provide FAPE to this child within the least restrictive environment.

38. Defendant Woodruff and Defendant DOE violated the duty and obligations to the child by failing to assure that the Defendant District complied with the IDEIA and it implementing regulations and by failing to assure that the Defendant District complied its Child Find obligations and/or that the child received a free appropriate public education in the least restrictive environment.

39. Further, in this matter, there is a Independent Hearing Panel Due Process Decision requiring the Defendants to pay for the cost of the ASL interpreter, for whom bills have been submitted.

40. Defendant District and Defendant DOE are in violation of the IDEIA by failure to pay this bill as ordered.

## COUNT II

**The Rehabilitation Act of 1973**

41. Congress was concerned with exclusion of such children from the educational system. Accordingly, the original IDEA was cast in positive terms requiring FAPE for all disabled children. Section 504 of the Rehabilitation Act, 20 U.S.C. Sec. 794, is cast in negative terms, barring all federally funded entities (government or otherwise) from discriminating on the basis of a disability.

42. Section 504 states in relevant party by reason of his or her disability, be excluded from the participation in, or denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an executive agency or by the United States Postal Service. 20 U.S.C. Sec. 794 (a). As this portion of the Rehabilitation Act has been interpreted, there are few differences, if any between the IDEA's affirmative duty and Section 504's negative prohibitions.

43. All named Defendants receive federal funds.

44. Defendant District has violated The Rehabilitation Act of 1973 by discriminating against this child in failing to provide related services to a disabled child attending a private school within the district; abusing its discretion in unreasonably withholding payment of an ASL interpreter in a private school when it was willing to pay for the same service in the district and/ failing to provide FAPE to this child within the least restrictive environment.

45.  Defendant Woodruff and Defendant DOE violated the duty and obligations to the child by failing to assure that the Defendant District complied with The Rehabilitation Act of 1973 by failing to assure that the Defendant District complied its Child Find obligations and/or that the child received a free appropriate public education in the least restrictive environment.

## COUNT III

### The American with Disabilities Act of 1990

46.  The American with Disabilities Act of 1990 extends the nondiscrimination rule of Section 504 of The Rehabilitation Act of 1973 to services provided by any "public entity" (without regard to whether the entity is a recipient of federal funds).

47. Title II of the ADA prohibits discrimination in the provision of public services.  Section 202 of the Act, 42 U.S.C. 12132 (Supp.1991) provides:… [N]o qualified individual with a disability shall, by reason of his disability, be excluded from participation in or be denied the benefits of the services, programs or activities for a public entity, or be subjected to discrimination by such entity."

48. Regulations promulgated by the Department of Justice under Title II of the ADA require a public agency to provide such services so that "when viewed in its entirety, is readily accessible and usable by individuals with disabilities.  28 C.F.R. Section 35.150(a).

49. The ADA covers individuals who are disabled or who are regarded as disabled. 42 U.S.C. 12102 (2).  Plaintiff child is disabled under the ADA.

50. All Defendant agencies are considered "public entities" under the ADA. Defendant Woodruff is responsible for assuring that the Defendant District and Title II.

51. Defendant District has violated The American with Disabilities Act of 1990 by discriminating against this child and failing to provide related services to a disabled child attending a private school within the district; abusing its discretion in unreasonably with holding payment of an ASL interpreter in a private school when it was willing to pay for the same service in the district and/ failing to provide FAPE to this child within the least restrictive environment.

52. Defendant Woodruff and Defendant DOE violated the duty and obligations to the child by failing to assure that the Defendant District complied with the ADA by failing to assure that the Defendant District complied its ADA obligations and/or that the child received a free appropriate public education in the least restrictive environment.

## COUNT IV

### Violation of the Civil Rights Act of 1871, 42 U.S.C. Section 1983

53. Plaintiffs' cause of action arises under Title VI of the Civil Rights Act of 1964; The Civil Rights Act of 1871; 42 U.S.C. Sections 2000 (d) (1) and 2000 (d) (2); 5 U.S.C. Sections 701-706, and the Fifth and the Fourteenth of the Amendments to the United States Constitution.

54. Defendants are "person" as defined by 42 U.S.C. Section 1983.

55. At all times relevant hereto and in all of the actions described herein, all individual defendants were acting in their respective capacities as stated under Color of Ordinances and Regulations of the School District, statutes of the State of Delaware and Statutes of the United States of America and did subject Plaintiffs herein to the deprivation of their rights, privileges and immunities secured by the United States

Constitution and the aforementioned statutes by the acts and/or failure to act as described hereafter.

56. Acting under color of law, by and through a policy custom or practice, defendants intentionally, knowingly recklessly or with deliberate indifference to the rights of the plaintiffs failed to instruct, train, supervise and control on a continuing basis the laws of the United States of America as outlined above.

57. Acting under color of law, by and through a policy or practice, defendants intentionally, knowingly, recklessly or with deliberate indifference to the rights of the Plaintiffs failed to instruct, train, supervise and control on a continuing basis the procedures and policies regarding the above named laws, specifically regarding discrimination against a deaf child.

58. Acting under color of law by and through a policy or practice, defendants intentionally, knowingly, recklessly or with deliberate indifference to the rights of the Plaintiffs failed to instruct, train, supervise and control on a continuing basis the procedures and policies regarding deprivation of the Plaintiff's right to special and unique education as guaranteed under the laws of the state of Delaware, the United Stated and the Constitution.

59. Acting under color of law, by and through a policy or practice, defendants intentionally, knowingly, recklessly or with deliberate indifference to the rights of the Plaintiffs failed to instruct, train, supervise and control on a continuing basis the procedures and policies regarding denial specially related services and Child Find responsibilities.

60. Acting under color of law, by and through a policy or practice, defendants intentionally, knowingly, recklessly or with deliberate indifference to the rights of the Plaintiffs conspired to deny Plaintiffs their rights under the law.

61. Defendants' conduct demonstrates a reckless and callous attitude toward the federally protected rights of the Plaintiffs as enumerated herein.

62. By failing to abide by The Civil Rights Act of 1964, Title VI, The Civil Rights Act of 1871, the Due Process and Equal Protections as provided by the Constitution of the United States of America, the defendants have caused the plaintiff, a child, to be excluded from participation in an appropriate placement, denied payment of related services, denied the benefits of, and subjected to discrimination in his educational program, solely on the basis of his disability. All Plaintiffs have been injured by defendants' actions and inactions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

A) Enter an Order that the Plaintiffs to pay the cost of the ASL interpreter as ordered by the Due Process Hearing Panel;

B) Enter an Order upholding the Due Process Decision;

C) Find that the Defendants on the Counterclaim violated the IDEIA, The Rehabilitation Act of 1973, The American with Disabilities Act of 1990 and the Plaintiffs' on the Counterclaim Civil Rights;

D) Award Compensatory damages, attorney's fees and cost;

    E)  Award such other and further relief as may be deemed just and proper.

_____
Patricia M. O'Neill, Esquire
22 West Front Street
Media, PA 19063
610-891-6668
Attorney for Plaintiffs
Delaware Supreme Court
Identification No: 3016
Admitted to Delaware District Court
Date: January 24, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, And THE DEPARTMENT OF EDUCATION,<br>　　　　Plaintiffs,<br>　　v.<br><br>Mr. & Mrs. SQJ, IV<br>Parents of SQJ, V,<br>　　　　Defendants. | C.A. No.:06-770 |

## AFFIDAVIT OF SERVICE

I, Patricia M. O'Neill, Esquire, attorney for Mr. & Mrs. SQJ, IV Parents of SQJ, V, hereby certify that service was made upon the parties by e-filing:

Answer to Complaint with Counterclaim/New Matter:

　　Mr. Michael Stafford, Esquire, Attorney for the School District;

　　Ms. Jennifer Kline, Esquire, Attorney for DOE.

　　　　　　　　　　　　　　　Certified:  Patricia M. O'Neill
　　　　　　　　　　　　　　　　　　　　　Attorney for Parents.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, And THE DEPARTMENT OF EDUCATION,<br>　　　　Plaintiffs,<br>　　v.<br><br><br>Mr. & Mrs. SQJ, IV<br>Parents of SQJ, V,<br>　　　　Defendants. | :<br>:<br>:　　C.A. No.:06-770<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, on this        day of            , 2007, upon consideration of Plaintiffs' Complaint and the Defendants' Answer thereto;

**IT IS HEREBY ORDERED,** that the Plaintiffs' Complaint is dismissed.


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.