IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, and THE DELAWARE DEPARTMENT OF EDUCATION, | : : : : : | |
| Plaintiffs, Counterclaim Defendants, and | : : : | C.A. No. 06-770-JJF |
| VALERIE WOODRUFF, SECRETARY OF EDUCATION FOR THE STATE OF DELAWARE, | : : : : | |
| Counterclaim Defendant, | : : | |
| v. | : : | |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : : : | |
| Defendants, and | : : | |
| MR. & MRS. SQJ, IV individually and on behalf of their son, SQJ, V, | : : : | |
| Counterclaim Plaintiffs. | : | |

REPLY TO COUNTERCLAIM BY THE
BOARD OF EDUCATION OF THE APPOQUINIMINK
SCHOOL DISTRICT, THE DELAWARE DEPARTMENT OF
EDUCATION, AND SECRETARY OF EDUCATION, VALERIE A. WOODRUFF

Jurisdiction

18. Admitted Mr. and Mrs. SQJ, IV and SQJ, V ("Plaintiffs") seek to invoke the jurisdiction of the Court pursuant to the statutes identified in Paragraph 18 of the Counterclaim.

19. Admitted.

20. Denied; except admitted Valerie A. Woodruff is the Secretary of Education of the Delaware Department of Education ("the Department") and is the administrator and head of the Department. Admitted Plaintiffs' Counterclaim identifies Secretary Woodruff in her official capacity only.

21. Denied; except admitted the Department is a state agency responsible for the general control and supervision over all public schools in the State of Delaware, and the Department's administrative offices are located at the John G. Townsend Building, 401 Federal Street, Dover, Delaware 19901. By way of further answer, the Board of Education of the Appoquinimink School District ("the District") provided SQJ, V ("Student") an appropriate educational program tailored to his unique needs in compliance with the Individuals With Disabilities Education Act ("the IDEA") and 14 *Del. C.* § 3103 *et seq*. The administrative Panel Decision determined Student's educational needs were met in the District. Parents have not appealed the Panel Decision, and the time has passed to do so. Student's parents unilaterally chose to enroll Student in a private school (i.e., St. Anne's Episcopal School) rather than receive the services available in the public school system. As a consequence, Student is not entitled to the same publicly-funded benefits he would receive if he continued his education in the public school system, including, but not limited to, a sign language interpreter.

22. Denied; except admitted the District is a political subdivision of the State of Delaware and administers special education and related services to its eligible students identified with disabilities under the IDEA and 14 *Del. C.* § 3103 *et seq*. Admitted the District's administrative offices are located at 118 S. 6th Street, Odessa, Delaware 19730.

By way of further answer, neither the District, nor the Department, has an obligation to fund the costs of Student's private school placement, including the costs of a sign language interpreter, because the District offered Student a free, appropriate public education, and Student's parents elected to place Student at a private school. 34 C.F.R. § 148(a).

Facts

23.  Admitted.

24.  Denied as stated. By way of further answer, Student's IEPs for the 2005-2006 and 2006-2007 school years speak for themselves.

25.  Denied as stated. By way of further answer, Student's IEPs for the 2005-2006 and 2006-2007 and his STAR test reports speak for themselves.

26.  Denied as stated. By way of further answer, Student's IEP goals and objectives and DSTP test results speak for themselves.

27.  Denied.

28.  Denied. By way of further answer, various mainstreaming options were the subject of frequent discussion between Mr. and Mrs. SQJ, IV ("Parents") and staff at DSD.

29.  Denied that Student "had no peers at DSD for social and emotional interaction." Remainder denied as stated.

30.  Denied that the District failed to honor Parents' request. Admitted that Parents visited two middle schools in the District and that the District offered to provide student with an ASL interpreter if he attended either school. Admitted that the District

refused to provide Student with an ASL interpreter if he attended private school. Remainder denied as stated.

31.   Denied; except admitted that Parents claim they placed Student at a private school to meet his social and academic needs. Admitted Parents requested a special education due process hearing seeking their son's private school education at public expense. Admitted, during the administrative due process hearing, Parents alleged the District did not provide an appropriate IEP reasonably calculated to provide meaningful educational progress. By way of further answer, Parents did not prove their allegations. Rather, the Panel found Student's public educational program and placement provided him with significant learning and would continue to do so. The Panel determined there are inherent benefits in continuing Student's public placement at Delaware School for the Deaf, a specialized school in deaf education. The Panel determined Parents' decision to place Student at St. Anne's Episcopal School was a unilateral decision for which the District is not financially responsible. Despite its determination the District provided and offered a free appropriate public education to Student, the Panel arbitrarily determined the District should provide a sign language interpreter to Student in the private school setting. On December 18, 2006, the District and the Department initiated a civil action requesting the Court to reverse the Panel Decision's ruling the District should fund the costs of a sign language interpreter to Student at St. Anne's Episcopal School.

32.   Denied; except admitted the Panel Decision erroneously awarded Plaintiffs partial relief (i.e., the publicly-funded provision of a sign language interpreter

in a private school) and the District and the Department have appealed this provision of the Panel Decision.

33. Denied.

## Count I
### The Individuals With Disabilities Education Act

34. Paragraph 34 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

35. Paragraph 35 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

36. Denied. The "Child Find" provision of the IDEA requires a public school district to identify, locate, and evaluate children residing within the school district who may be in need of special education and related services, including children who attend some private schools located within the school district's boundaries. 14 *Del. C.* § 3122; 34 C.F.R. § 300.131. The "Child Find" provision of the IDEA does not require public school districts to provide special education and related services to children placed in private schools by their parents. In addition, the District complied with the "Child Find" requirement of the IDEA because Student was evaluated and identified by the District years ago as a student in need of special education and related services due to his disability.

37. Denied. By way of further answer, parentally-placed private school students have no individual right to receive the special education and related services the students would receive if enrolled in a public school. 34 C.F.R. § 300.137(a).

38. Denied.

5

39. Denied.

40. Denied.

## Count II
### The Rehabilitation Act of 1973

41. Paragraph 41 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

42. Paragraph 42 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

43. Admitted.

44. Denied.

45. Denied.

## Count III
### The Americans with Disabilities Act of 1990

46. Paragraph 46 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

47. Paragraph 47 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

48. Paragraph 48 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

49. Paragraph 49 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

50. Denied, except to the extent that Paragraph 50 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

51. Denied.

52. Denied.

## Count IV
### 42 U.S.C. Section 1983

53. Paragraph 53 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

54. Paragraph 54 of the Counterclaim contains a legal conclusion to which no responsive pleading is required.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against any of the Defendants.

## SECOND DEFENSE

Plaintiffs, Mr. and Mrs. SQJ, IV, lack standing to bring claims in their individual capacities. Student is the real party in interest.

## THIRD DEFENSE

Plaintiffs claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## FOURTH DEFENSE

The Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity bar any claim for damages against the Delaware Department of Education and Secretary Valerie A. Woodruff.

## FIFTH DEFENSE

Student was provided and offered a free appropriate public education as determined by the administrative Panel Decision.

## SIXTH DEFENSE

Parentally-placed private school students have no individual right to receive the special education and related services the students would receive if enrolled in a public school.

## SEVENTH DEFENSE

The Board of Education of the Appouquinimink School District, the Delaware Department of Education, and Secretary Valerie A. Woodruff are entitled to qualified immunity.

## EIGHTH DEFENSE

There is no individual liability under the Americans With Disabilities Act and the Rehabilitation Act to sustain a claim against Secretary Valerie A. Woodruff.

## NINTH DEFENSE

Denial of Plaintiffs' request for an award of attorney's fees and costs is warranted pursuant to the IDEA and 34 C.F.R. § 300.517.

WHEREFORE, the Board of Education of the Appoquinimink School District, the Delaware Department of Education, and Secretary of Education, Valerie A. Woodruff, request this Honorable Court dismiss with prejudice all of Plaintiffs' claims for relief and award such costs, fees, and other relief as the Court deems just and equitable.

| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | DEPARTMENT OF JUSTICE |
|---|---|
| /s/ Scott Holt | /s/ Jennifer L. Kline |
| Scott Holt, Esquire (Bar ID 3399) | Jennifer L. Kline, Esquire (Bar ID 4075) |
| Michael Stafford, Esquire (Bar ID 4461) | 102 West Water Street |
| 1000 West Street | Dover, DE 19901 |
| 17th Floor | Phone: (302) 739-7641 |
| Wilmington, DE 19899 | Jennifer.Kline@state.de.us |
| Phone: (302) 571-655 | Attorneys for the Delaware Department of Education, and Secretary of Education, Valerie S. Woodruff |
| sholt@ycst.com | |
| mstafford@ycsthcom | |
| Attorneys for the Board of Education of the Appoquinimink School District | |

Dated:   January 31, 2007