IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | * | |
| BOARD OF EDUCATION OF THE | * | |
| APPOQUINIMINK SCHOOL DISTRICT, | * | |
| et al., | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil Action No.  06-770-JJF |
| | * | |
| S Q J, V | * | |
| et al., | * | |
| | * | |
| Defendants | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS' ANSWERING BRIEF TO PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT

Bruce L. Hudson, Esq.,
Delaware Bar No. 1003
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Wayne D. Steedman,
Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Suite 1402
Baltimore, Maryland 21201
410-576-7606

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

NATURE AND STAGE OF THE PROCEEDINGS............................................................1

SUMMARY OF THE ARGUMENT.....................................................................................2

STATEMENT OF FACTS.....................................................................................................3

ARGUMENT.........................................................................................................................5

I.      THE COURT LACKS JURISDICTION TO HEAR THE APPEAL.......................5

II.     THE PANEL DID NOT ERR OR ABUSE ITS DISCRETION IN
        REACHING ITS DECISION...................................................................................8

        A.      THE PANEL'S RULING WAS CORRECT AND LEGALLY SOUND...9

        B.      THE PANEL DID NOT ACT BEYOND ITS AUTHORITY...................12

III.    PLAINTIFFS WAIVED ARGUMENTS BY FAILING TO RAISE THEM
        BEFORE THE PANEL...........................................................................................14

        A.      THE PLAINTIFFS FAILED TO RAISE ARGUMENTS
                CONCERNING THE COST OF AN ASL INTERPRETER BEFORE
                THE PANEL..................................................................................................14

        B.      THE PLAINTIFFS FAILED TO INTRODUCE EVIDENCE IN
                THEIR AFFIDAVIT BEFORE THE PANEL.............................................15

IV.     THE COURT SHOULD DISMISS PLAINTIFF THE DEPARTMENT FOR
        INABILITY TO GRANT MEANINGFUL RELIEF.............................................17

CONCLUSION....................................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

Delaware v. Prouse,
440 U.S. 648 (1979)..................................................................................................10

Schall v. Martin,
467 U.S. 253 (1984)..................................................................................................10

Bernardsville Bd. of Educ. v. J.H.,
42 F.3d 149, 161 (3d. Cir. 1994)........................................................................15, 16

Geis v. Bd. of Educ. of Parsippany-Troy Hills,
774 F.2d 575 (3d Cir. 1985)......................................................................................12

Bay Shore Free Union Sch. Dist. v. T,
405 F.Supp.2d 230 (E.D.N.Y. 2005)...........................................................................7

Bay Shore Free Union Sch. Dist. v. Kain,
485 F.3d 730 (2d Cir. 2007)........................................................................................7

K.R. v. Anderson,
125 F.3d 1017 (7th Cir. 1997)..................................................................................10

Teague Indep. Sch. Dist v. Todd L.,
999 F.2d 127 (5th Cir. 1993)......................................................................................8

Coale v. State Dep't of Educ.,
162 F. Supp.2d 316 (D.Del. 2001)......................................................................12, 14

**Statutes**

Fed. R. Civ. P. 56.......................................................................................................16

20 U.S.C. § 1401..........................................................................................................9

20 U.S.C. § 1412....................................................................................................10, 11

20 U.S.C. § 1415..............................................................................................1, 2, 5, 17

28 U.S.C. § 1367...........................................................................................................8

29 U.S.C. § 794.............................................................................................................2

42 U.S.C. §1983.............................................................................................................2

34 C.F.R. § 300.137......................................................................................................6

34 C.F.R. § 300.140....................................................................................................12

34 C.F.R. § 300.508....................................................................................................13

34 C.F.R. § 300.511........................................................................................................12

14 Del. C. § 604...........................................................................................................17

14 Del. C. § 3122....................................................................................................2, 6, 10

14 Del. C. § 3124....................................................................................................13, 17

14 Del. Admin. C. § 926.8.2.5......................................................................................13

14 Del. Admin. C. § 926.8.2.6......................................................................................13

14 Del. Admin. C. § 926.8.4.........................................................................................13

14 Del. Admin. C. § 926.11.7.......................................................................................12

<u>NATURE AND STAGE OF THE PROCEEDINGS</u>

In April 2006, Mr. and Mrs. SQJ, IV, (hereinafter, "the Parents") requested a Due Process Hearing on behalf of their son SQJV.  SQJV has been diagnosed as profoundly deaf, and is eligible to receive special education and related services under the Individuals with Disabilities Education Act (hereinafter, "the IDEA").  Respondent to the Parents' Due Process allegations was the Board of Education of Appoquinimink School District (hereinafter, "the Board").  The Parents told the Due Process Hearing Panel (hereinafter, "The Panel") that their son's educational needs could not be met in a public school setting, and sought placement at a private school, with public funding for the placement and for a one-to-one sign language interpreter.  Because the Parents' requested relief included publicly funded private placement, the Delaware Department of Education (hereinafter, "the Department") voluntarily joined the administrative complaint as a respondent.

The parties convened in a three-day Due Process Hearing.  On September 20, 2006, the Panel found that the Board had provided a free appropriate public education (hereinafter, "FAPE") to SQJV.  As a result, the Panel denied the Parents' requested remedy of public funding for SJQV's private placement.  However, the Panel found that the Board had not provided a non-discriminatory reason why it would not provide funding for an interpreter for SQJV.  The Panel granted the Parents' requested remedy of public funding for a one-to-one sign language interpreter at SQJV's private placement.

On December 18, 2006, the Board and the Department filed a Complaint with this Court seeking partial appeal of the Panel's determinations to this Court as "parties aggrieved" pursuant to 20 U.S.C. § 1415(i).  On January 24, 2007, the Defendants filed

an Answer to that complaint.  The Defendants also filed a counterclaim alleging violations of 42 U.S.C. § 1983, 29 U.S.C. § 794, the Americans with Disabilities Act, and the IDEA.  On November 19, 2007, the Defendants dismissed their counterclaim via joint stipulation.

The sole issue before the Court therefore is the Plaintiffs' original complaint seeking review of the Panel's decision.

SUMMARY OF THE ARGUMENT

(1)    The Plaintiffs appealed the underlying administrative decision to this Court as a "party aggrieved" by the decision, pursuant to 20 U.S.C. § 1415(i).  However, the Plaintiffs' brief makes clear that the appeal centers on the Panel's award of a one-to-one interpreter for SQJV.  The Panel based that award on an application of Delaware state law, specifically 14 Del. C. § 3122.  Therefore, this Court lacks subject matter jurisdiction to hear this case, as the Plaintiffs' appeal centers on an application of state, and not federal, law.

(2)    The Panel determined that, under the language of state law, 14 Del. C. § 3122, the Board failed to exercise appropriate discretion.  As a result of finding that the Board failed to comply with Delaware state law, the Panel ordered the Board to pay for a one-to-one ASL interpreter for SQJV at his private placement.  The Panel's ruling was legally sound and well within the authority granted it under state law.

(3)    The Plaintiffs raise arguments before this Court that they failed to raise during the underlying Due Process Hearing.  Therefore, this Court should find that the Plaintiffs failed to preserve these issues for appeal.

(4)     Finally, the Department should be dismissed from this suit because it lacks statutory standing to bring this claim as a "party aggrieved" by the Panel Decision. Plaintiffs appealed the underlying administrative decision to this Court as "parties aggrieved" by the decision.  However, the Plaintiffs only appealed an award of a one-to-one ASL interpreter to be funded by the Board.  The issue of funding for the private school is not before this Court.  As that was the only reason for the Department's joinder in the administrative proceeding, the Department lacks standing and should be dismissed from this suit.

<u>STATEMENT OF FACTS</u>

SQJV was born on April 7, 1995.  He was diagnosed as profoundly deaf when he was one year old.  He was first enrolled in the Delaware School for the Deaf (hereinafter, "DSD") on June 10, 1996, when he was 16 months old.  He attended the school through the 2005-2006 school year, at which point he had completed the fifth grade.  SQJV communicates primarily by using American Sign Language (hereinafter, "ASL").  At an IEP meeting on November 29, 2005, the Parents raised concerns with representatives of the Board regarding SQJV's ongoing placement at DSD, based on concerns with his performance there.  On the 2005 Delaware Student Testing Program examinations (hereinafter, "DSTP"), SQJV scored "well below" grade level on the written language exam, and on the 2006 DSTP examinations, SQJV scored below grade level on both reading and written language.  Due to SQJV's lagging performance on these examinations, the Parents discussed with representatives of the Board the possibility of mainstreaming SQJV in future school years – specifically, placing him in general education classes for his middle school enrollment, and providing him with an ASL

interpreter.  Generally, DSD students are placed in general education classes with hearing

students when they reach middle school or high school.

The Parents requested that SQJV be enrolled in mainstream classes at St. Anne's

Episcopal School (hereinafter, "St. Anne's"), a parochial school, with public funding for

his tuition and for an ASL interpreter.  After the meeting, the Parents learned that the

Board would only provide an ASL interpreter for SQJV if he were enrolled in a public

middle school.  On December 19, 2005, the Parents wrote a letter to the Board's

Supervisor of Special Education Services, seeking clarification on whether this restriction

actually applied and an explanation for the restriction.  On January 20, 2006, the

Supervisor of Special Education Services replied, confirming that the Board would only

fund an ASL interpreter for SQJV if he was enrolled in a public school, and not at St.

Anne's.

The Parents filed a request for Due Process Hearing on April 11, 2006, asserting

that SQJV's most recent IEP requires that SQJV be placed in a small class at or above his

academic ability.  The Parents alleged that the options for public school enrollment in

general education classes offered by the Board were inappropriate because they offered

either classes that were too large, or were small but contained only students working

below his grade level.  On September 20, 2006, the Panel issued a decision finding that,

pursuant to the IDEA, the Parents had failed to show that the Board had denied a FAPE

to SQJV, and therefore denied the Parents request for public funding for SQJV's tuition

at St. Anne's.  However, the Panel found that, pursuant to Delaware state law, the Board

had failed to demonstrate appropriate discretion in refusing to fund a one-to-one ASL

interpreter for SQJV while enrolled at St. Anne's, and therefore ordered the Board to fund the interpreter.

## ARGUMENT

## I.     THE COURT LACKS JURISDICTION TO HEAR THE APPEAL

A "party aggrieved by the findings and decision" of a Due Process Hearing Panel has a right to bring a civil action in a district court of the United States.  See 20 U.S.C. § 1415(i)(2)(A).  However, the statute restricts such jurisdiction to "findings and decision made under subsection (f) or (k)" of the same chapter.  Such jurisdiction provides a forum for appeals "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," and for appeals of "a change in placement for a child with a disability who violates a code of conduct."  See 20 U.S.C. §§ 1415(b)(6) (incorporated by reference in 20 U.S.C. §1415(f)(1)(A)),  1415(k)(1)(A).  The Plaintiffs' action does not allege that they are aggrieved by any findings or decision of the Panel that relate to the identification, evaluation or educational placement of SQJV.

The Plaintiffs' Brief in Support of Their Joint Motion for Summary Judgment (hereinafter, "Plaintiffs' Brief") makes clear that the Plaintiffs challenge the Panel's holding that the District must pay for an ASL interpreter for SQJV in the private school. However, the Panel's award of an interpreter for SQJV was based on state law, not on the IDEA.  See D.I. 26, Part IX (hereinafter, "D.I. 26, IX") at 25-26.

The Plaintiffs correctly note that the Panel held that the Board made FAPE available to SQJV.  See D.I. 26, IX at 9.  Having made that determination, the Panel proceeded to determine whether the Board had provided appropriate "related services" –

that is, services designed to accommodate SQJV's educational needs. <u>See</u> <u>id</u>. at 10. The Panel surveyed federal statutes, regulations and case law, covering much of the same caselaw that the Plaintiffs' cite in their opening brief for their proposition that the IDEA does not require unlimited duties to private school students. <u>Compare</u> D.I. 26, IX at 10-16 <u>and</u> D.I. 31 at 22. Following this survey, the Panel concluded that IDEA does not require that the Board provide specific education-related services to students placed by their parents in private schools. <u>See</u> D.I. 26, IX at 21. The Panel also concluded that the IDEA does not <u>prohibit</u> the Board from providing specific related services to those students. <u>See</u> <u>id</u>. Instead, the Panel concluded that the Board's decision about which related services to provide were reached in an exercise of its discretion, and searched for a standard by which to determine whether that discretion had been exercised appropriately. <u>See</u> <u>id</u>. at 21. The Panel concluded that such criteria were to be found in state, not federal law. <u>See</u> <u>id</u>. at 25 (determining that in Delaware, the appropriate standard could be reached through analysis of 14 Del. C. § 3122). Although the IDEA's regulations vest a school district with the decision-making authority to determine the services to be provided to a disabled child in a private school, 34 C.F.R. § 300.137(b), the IDEA and its regulations are silent on how the school district is to exercise its discretion in making such individualized decisions. The Panel then applied state law, and determined that under a state law standard, the Board was required to provide an interpreter to SQJV in his private placement. <u>See</u> <u>id</u>. at 26-27 (concluding that, pursuant to state law, the Board had not exercised appropriate discretion in determining what "related services" to provide).

In <u>Bay Shore Free Union Sch. Dist. v. T</u>, the U.S. District Court for the Eastern District of New York went through an analysis similar to the Panel's. <u>See</u> 405 F.Supp.2d 230 (E.D.N.Y. 2005). The court faced an appeal of an administrative decision, which held that the district was required to provide a one-to-one educational aide to a parentally-placed parochial school student. <u>See</u> <u>id</u>. at 233. The court determined that IDEA did not prohibit the school district from providing related services to the child, but noted that "permission is not compulsion." <u>See</u> <u>id</u>. at 241. The court then applied state law to uphold the underlying administrative decision. <u>See</u> <u>id</u>. at 249.

That decision was overturned by the U.S. Court of Appeals for the Second Circuit. <u>See</u> <u>Bay Shore Free Union Sch. Dist. v. Kain</u>, 485 F.3d 730 (2d. Cir. 2007). The circuit court noted that because "the School District's suit does not turn on the interpretation of federal law," the case "turn[ed] entirely on a state-law issue, and as such it cannot form the basis of federal question jurisdiction." <u>See</u> <u>id</u>. at 734. The circuit court dismissed the school district's appeal and vacated the district court's decision. <u>See</u> <u>id</u>. at 736.

In the present case, the Court faces a situation almost identical to that in <u>Bay Shore</u>. After determining that the IDEA does not require the provision of an ASL interpreter, the Panel correctly examined state law. The Panel's decision to award SQJV an ASL interpreter did not rest on the IDEA, or the attendant regulations or caselaw. Rather, the Panel based its decision on its interpretation of Delaware state law. Therefore, there remains no basis for federal question jurisdiction. As the Court lacks subject matter jurisdiction, the Plaintiffs' Complaint should be dismissed.

The Plaintiffs alleged that this Court had supplemental jurisdiction over Delaware state law claims pursuant to 28 U.S.C. § 1367.  That statute provides only supplemental jurisdiction for state law claims "that are so related to [federal] claims in the action . . . that they form part of the same case or controversy."  Because the basis for original jurisdiction fails, there does not remain any basis for supplemental federal jurisdiction. See 28 U.S.C. § 1367 ("in any civil action of which the district courts have <u>original jurisdiction</u>, the district courts shall have supplemental jurisdiction over all other claims that are so related" (emphasis added)).

## II.    THE PANEL DID NOT ERR OR ABUSE ITS DISCRETION IN REACHING ITS DECISION

Plaintiffs allege that the Panel "committed legal error" in ordering the Board to fund an ASL interpreter for SQJV at his private school.  <u>See</u> D.I. 30 at 5.  To that end, the Plaintiffs note that this Court should only defer to administrative findings and determinations if they are "thoughtful and careful," but should not defer if "the administrative tribunal erroneously assessed facts or erroneously applied law to facts." <u>See</u> <u>id</u>. at 12-13 (citing <u>Teague Indep. Sch. Dist. v. Todd L.</u>, 999 F.2d 127, 131 (5th Cir. 1993)).  The Plaintiffs allege only that the Panel "erroneously applied law."  <u>See</u> <u>id</u>. at 13-14.  As noted above, the only legal error that the Plaintiffs allege consists of an application of state law to the facts, and this Court lacks jurisdiction over that state law application.  Further, the Panel's application of state law was not incorrect, and the Panel as a state agency charged with interpreting state law had authority to make its determination.

### A.    THE PANEL'S RULING WAS CORRECT AND LEGALLY SOUND

Plaintiffs allege that the Panel's reasoning was flawed, and that the decision was "bad law." <u>See</u> D.I. 30 at 14.  However, the Panel's recitation of federal law mirrors Plaintiffs' and reaches the conclusion (uncontested by the Plaintiffs) that the IDEA did not <u>require</u> the provision of an ASL interpreter.  After determining that the Board had provided FAPE, the Panel determined that SQJV's placement in a parochial school constituted a "unilateral placement" by the Parents, and the Parents were therefore responsible for paying his tuition.  <u>See</u> D.I. 26, IX at 9, 26.

The Panel then turned to the question of whether the Board should or should not provide "related services" – that is, services "as may be required to assist a child with a disability to benefit" from his educational placement.  <u>See</u> 20 U.S.C. § 1401(26).  The Panel noted that, even when the school system does not fund their tuition, "private school students are eligible for related services."  <u>See</u> D.I. 26, IX at 10.  It examined the statutory and precedential history of related services for private school students.  Prior to the 1997 and the 2004 amendments to IDEA, the Panel noted, public schools were obligated to make services available to students who had been placed in private schools by their parents.  <u>See</u> <u>id</u>. at 11.  The Panel noted two distinct trends in federal case law prior to the 1997 amendments to the IDEA: decisions in Louisiana, and the Second and Tenth Circuits, holding that a school district was required by the IDEA to provide an ASL interpreter to a parentally-placed private school student; and decisions in the Fourth and Seventh Circuits holding that a school district was not required by the IDEA to provide an ASL interpreter to a parentally-placed private school student.  <u>See</u> <u>id</u>. at 11-12.  The Panel noted that much of this case law was mooted by the 1997 amendments to

the IDEA, which amended the statute to explicitly state that federal law does not require that districts pay for related services for children in private schools.  See id. at 16 (citing 20 U.S.C. § 1412(a)(1)(C)).  Panel members reviewed the federal regulations promulgated to enact that statute.  See id. at 17-20.  They concluded that the federal statutes and regulations, taken together, meant that although a school district "is not required to provide related services, neither is it prohibited, and can do so in exercise of discretion."  See id. at 21.

The Panel then reviewed what limitations lie on the exercise of governmental discretion, noting that "a state actor cannot have unfettered discretion."  See id. at 21 (citing Delaware v. Prouse, 440 U.S. 648, 662-663 (1979)).  Unfettered discretion, the Panel noted, can result in "inequality in the distribution of entitlements and harms . . . and can mask the use by officials of illegitimate criteria."  See id. at 21 (citing Schall v. Martin, 467 U.S. 253 (1984)).  The Panel determined that "a decision to deny . . . services based only on the concept of 'we aren't required to, so we won't'" is an exercise in arbitary, unfettered discretion.  See id. at 22 (noting the Panel's disagreement with such a rationale in K.R. v. Anderson, 125 F.3d 1017 (7th Cir. 1997)).  Such a decision, the Panel found, is not supported by even such minimal rationales of budgetary concerns or economies of scale.  See id. at 22.

Finding no appropriate federal criteria to determine whether the Board had exercised appropriate discretion, the Panel turned to Delaware state law.  It found guidance in a section of Delaware Code dealing with related services.  See id. at 25-26 (citing 14 Del. C. § 3122).  The state statute "does not contain much guidance," the Panel noted, but found "at least an indication of a requirement" that discretion be exercised in

10

making decisions to offer, or not, related services to parentally-placed private school students.  See id. at 26.  The Panel noted that the Board offered to provide a one-to-one ASL interpreter for SQJV at a public placement, but refused to do so in a unilateral private placement even though there was no cost differential regardless of the venue in which the service was delivered.  See D.I. 25, Part VI at Exhibit 61.

That Delaware state statute was the statutory framework for the Panel's decision that the Board had not exercised appropriate discretion in its determination not to offer an ASL interpreter.  As the Panel noted, the cost of such an interpreter would be the same in either setting; the interpreter "is a one-to-one related service, therefore there are no economy of scale considerations"; and "[h]aving the interpreter go to St. Anne's rather than any of the public schools would not cost the district more."  See D.I. 26, IX at 25.  In the face of these factors, the Panel held that the Board's only asserted discretionary rationale amounted to "we are not required to, so we won't."  See id.

That is the root of the Panel's legal determination to which the Plaintiffs take exception, and it is in that legal determination that the Plaintiffs must allege error. Plaintiffs fail to show, or even allege, any legal error in this aspect of the Panel's decision.

The Plaintiffs do not assert any specific disagreements with the Panel's reasoning in their Motion for Summary Judgment.  The Plaintiffs assert that the Panel "ignore[d] the specific language of 20 U.S.C. § 1412(a)(10)(C)(i), which provides that public school districts have no obligation" to pay for related services for a parentally-placed private school student.  See D.I. 30 at 26.  However, the Panel did not ignore 20 U.S.C. § 1412; it specifically cited that section, and noted that it imposed no federal obligation on the

Board to pay for related services.  See D.I. 26, IX at 16.  The Plaintiffs seem to assert

that, if federal law does not require the provision of related services to parentally-placed

private school students, then there can be no requirement that the Board provide such

services.  Such an argument, however, would run contrary to one of the central tenets of

the doctrine of federalism: that states may impose greater requirements on their own

agencies than does the federal government.  See Geis v. Bd. of Educ. of Parsippany-Troy

Hills, 774 F.2d 575, 583 (3d Cir. 1985).  The Plaintiffs' argument ignores the Panel's

examination of state law, and the Panel's state law basis in determining that the Board

had not acted with appropriate discretion.

### B.     THE PANEL DID NOT ACT BEYOND ITS AUTHORITY

The Plaintiffs argue that "the Panel lacked the authority to even consider the issue

of provision of services to a parentally-placed private school student because such

disputes concerning the provision of services are not subject to due process procedures."

See D.I. 30 at 27.  As support, Plaintiffs cite 34 C.F.R. § 300.140.  That section, however,

does not place the issue of related services for private school students beyond the purview

of administrative adjudicators; it merely notes that such issues may not form the basis of

a due process complaint under the IDEA.  See 34 C.F.R. § 300.140(a).  A Due Process

Hearing Panel has the authority to determine "the issues and evidence presented by the

parties."  See Coale v. State Dep't of Educ., 162 F.Supp.2d 316, 334 n. 23 (D.Del. 2001).

The scope of a panel's inquiry is determined by the scope of the Due Process

Complaint.  See 34 C.F.R. § 300.511(d); see also 14 Del. Admin. C. § 926.11.7 (limiting

"the party requesting the due process hearing" from raising any issues at hearing "that

were not raised in the due process complaint").  The complaint must include, in addition

to identifying information concerning the student, "a description of the nature of the problem of the child relating to the proposed or refused initiation or change [of educational services], including the facts relating to the problem, and . . . [a] proposed resolution of the problem to the extent known and available to the party at the time." <u>See</u> 34 C.F.R. § 300.508(b)(5)-(6); <u>see also</u> 14 Del. Admin. C § 926.8.2.5-926.8.2.6. Pursuant to Delaware state law, these procedures also apply to "[d]isputes concerning the private placement of a child." <u>See</u> 14 Del. C. § 3124.

In the underlying administrative process, the Parents filed a "Request for Due Process Hearing" describing the problem in finding an appropriate placement for him; and proposing a resolution of "a full time interpreter at all times as well as a small class size and small school environment that offers a high level academic program." <u>See</u> D.I. 25, Part V at 2-3. Under both state and federal regulations, the Board had an opportunity to object to the sufficiency of this complaint. <u>See</u> 34 C.F.R. § 300.508(d); <u>see also</u> 14 Del. Admin. C. § 926.8.4. The Board availed itself of this opportunity, sending the Parents a letter responding to their Due Process Complaint. <u>See</u> D.I. 25, Part VI (letter from counsel for the Board to the Parents, dated April 21, 2006). In that letter, the Board responded to all of the Parents allegations; relevant to the instant controversy, the Board noted that "parentally placed private school children with disabilities do not have an individual right to receive some or all of the special education and related services that they would receive if they were enrolled in the public schools," and therefore "the District is not legally required to provide you with a ASL sign language interpreter at St. Anne's." <u>See</u> <u>id</u>.

If the Board believed that the Panel was without jurisdiction or authority to consider awarding an ASL interpreter to a parentally placed private school student, this letter would have been the appropriate forum to note such an error; the Board failed to avail itself of that opportunity.  Further, the letter reiterates the specific discretionary abuse that the Panel rejected: it is an inappropriate exercise of discretion to assert "we aren't required to, so we won't."  The Plaintiffs have failed to assert any evidentiary support that they exercised any discretionary judgment beyond this inappropriate assertion; and have failed to provide any legal citation to demonstrate that the Panel's application of state law in determining appropriate exercise of discretion was erroneous.

## III.     PLAINTIFFS WAIVED ARGUMENTS BY FAILING TO RAISE THEM BEFORE THE PANEL

Rules of exhaustion and issue preclusion apply to judicial review of IDEA cases. See Coale, 162 F.Supp.2d at 332.  The rule of preservation need not be punctiliously applied, but the party must raise the issue sufficiently before the Panel to provide their opponents with notice and an opportunity to develop the evidence.  See id.  Plaintiffs failed to raise before the Panel several of the arguments now asserted as mitigating against the Panel's award.  Therefore, the Court should find that the Plaintiffs failed to preserve these issues for appeal.

### A.     THE PLAINTIFFS FAILED TO RAISE ARGUMENTS CONCERNING THE COST OF AN ASL INTERPRETER BEFORE THE PANEL

Plaintiffs assert that the cost of an ASL interpreter for SQJV at his private placement during the 2006-2007 school year were "approximately" $37,602.72, and complain that such costs should persuade this Court to overturn the Panel's decision.  See

Plaintiffs' Brief at 25.  The Plaintiffs waived this argument by failing to raise below any concern regarding the cost of an ASL interpreter at a private school.

In the three days of testimony before the Panel, the Board did not attempt to introduce evidence regarding the salary of an ASL interpreter.  Notably, however, the Board did argue that "equitable considerations weigh[ed] against granting the relief sought."  See D.I. 26, Part VIII at Board's Argument 28-29.  However, the only costs that the Board felt were outweighed by equitable considerations were the tuition costs of SQJV's private placement.  See id. at 29.  As noted supra, the Board was aware that the Parents were seeking an ASL interpreter for SQJV at this private placement, and had previously asserted that it was not obligated to provide one.

The Board had notice and opportunity to present evidence that the costs of a one-to-one ASL interpreter for SQJV would be "excessive" or would serve as "equitable considerations" against the award.  The Board failed to present such evidence at the hearing, and thereby failed to allow the Parents to develop a record on cross-examination.  The Plaintiffs now assert this argument, with absolutely no evidentiary support for their assertion.  The Court should find that the Plaintiffs waived this argument by failing to present it before the Panel.  Further, the argument is disingenuous because the cost of the ASL interpreter is the same whether provided in a private school or a public school and the District has offered to provide an ASL interpreter in a public school. See supra.

### B.    THE PLAINTIFFS FAILED TO INTRODUCE EVIDENCE IN THEIR AFFIDAVIT BEFORE THE PANEL

A Court should exclude evidence that would "improperly embellish testimony previously given at the administrative hearing."  See Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d. Cir. 1994).  In their brief, the Plaintiffs contend that the Board

engaged in meaningful consultation with private school officials.  See D.I. 30 at 24-25.

As support for this contention, the Plaintiffs offer an affidavit from Mary Ann

Mieczkowski, Supervisor of Special Education Services for the Board, and two

supporting evidentiary documents.  See D.I. 30, Exhibit 1, Exhibits A and B.  Although

Ms. Mieczkowski testified at the hearing, she did not testify on this issue.  Thus, the

Plaintiffs waived this argument by failing to examine Ms. Mieczkowski below with

regard to these issues.  See Bernardsville, 42 F.3d at 161.

The Board called Ms. Mieczkowski on the first day of the hearing.  She gave

thorough testimony.  See D.I. 24, Part I at 308: 20-338: 24.  The Board called Ms.

Mieczkowski as its witness.  See id. at 307: 20.  It conducted a direct examination of Ms.

Mieczkowski.  Following a cross examination of Ms. Mieczkowski, the Board then

waived its opportunity to redirect Ms. Mieczkowski, and made no attempt to recall her as

a witness prior to submitting its closing arguments.  Given an opportunity to develop

testimony from Ms. Mieczkowski as to any "meaningful consultation" with private

school officials, the Board waived that opportunity.  In this instance, the Plaintiffs

attempt to introduce evidence via Ms. Mieczkowski's affidavit that embellishes her

testimony at the administrative hearing level; and do so without offering the Parents any

opportunity to cross-examine Ms. Mieczkowski as to the accuracy and content of her

"meaningful consultations" – as they did on the rest of her testimony.  The Plaintiffs offer

this testimony in a Motion for Summary Judgment, which requires that there be "no

genuine issue as to any material fact."  See Fed. R. Civ. P. 56(c).  Indeed, the contents of

Ms. Mieczkowski's affidavit are not material to this litigation – she offers evidence that

the Board undertook meaningful consultation, as required by federal law, and the

appealed-from Panel decision found that the Board had failed to comply with state law. The Court should find that the Plaintiffs waived the opportunity to present this evidence by failing to present it before the Panel.

## IV. THE COURT SHOULD DISMISS PLAINTIFF THE DEPARTMENT FOR INABILITY TO GRANT MEANINGFUL RELIEF

In order to maintain an appeal of an administrative hearing panel decision under the IDEA, a plaintiff must show that it has standing as a "party aggrieved by the findings and decision." See 20 U.S.C. § 1415(i)(2). In their Complaint, Plaintiffs state only that they "challenge the Panel Decision with respect to its specific ruling the District should provide an ASL interpreter to Student while he attends St. Anne's[.]" See D.I. 9 at ¶ 19. The Department took part in the appeal as a Respondent in the Due Process Hearing, and became a party to the Due Process Hearing pursuant to the Parents requested relief of tuition reimbursement for a private school placement. See D.I. 25, Part VI at Exhibit 60 (Letter from counsel for the Board to the Panel dated June 5, 2006, citing 14 Del. C. §§ 604(c), 3124). This requested relief was denied based on the Panel's finding that the Board had not denied FAPE to SQJV. See D.I. 26, IX at 26 (finding that Appoquinimink's provision of a Free and Appropriate Public Education rendered parents' placement a unilateral private placement). Neither Plaintiffs nor Defendant have appealed that portion of the Panel's decision.

The Department was also made party to this proceeding through the Counterclaim that the Parents filed with this Court. See D.I. 11 at ¶ 21 (noting the Department's liability due to its duty "to ensure compliance with the IDEIA by Defendant District"). However, the Parents voluntarily terminated that Counterclaim on November 19, 2007. See D.I. 28. Therefore, Plaintiff, the Department, is no longer a party to that claim.

In their Joint Motion for Summary Judgment, Plaintiffs have made clear that they seek to appeal only the Panel's award of an ASL interpreter to SQJV.  See D.I. 30 at 28.  However, the Plaintiffs also make clear that the only party affected by that award is Plaintiff the Board.  See id. at 27 (arguing that the Panel "order[ed] the District to provide an interpreter as a related service").  Even if the Court determined that it had jurisdiction to hear the state-law claims raised by the Plaintiffs, it could only overturn the Panel's decision with regard to the award of an ASL interpreter for SQJV.  Because that award was not funded by the Department, the Department is not a "party aggrieved" by the award.  The IDEA does not provide a right of action from a Due Process Hearing decision for anyone other than a "party aggrieved by the decision."  While the Department contends that the Panel's decision "could serve as wide-reaching . . . precedent for other districts in the State of Delaware," that contention alone is insufficient to provide statutory standing to bring suit under the IDEA.

Therefore, Plaintiff the Delaware Department of Education should be dismissed, because it is not aggrieved by the Panel's award of a one-to-one ASL interpreter for SQJV and therefore lacks standing to appeal the decision under the IDEA.

<u>CONCLUSION</u>

Defendants respectfully submit that this Court should dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction; and should dismiss Plaintiff, the Delaware Department of Education, for failure to state a claim upon which relief can be granted. In the alternative, the Court should find that the Hearing Panel's decision was within the scope of its authority and legally correct and enter an Order upholding the Hearing Panel's decision.

RESPECTFULLY SUBMITTED,

 /s/ Wayne D. Steedman
Wayne D. Steedman, Esq.
Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles St., Suite 1402
Baltimore, MD 21201
(410) 576-7606
wayne@callegarysteedman.com
Attorney for Defendants

 /s/ Bruce L. Hudson
Bruce L. Hudson, Esq.
Delaware Bar No. 1003
Law Office of Bruce L. Hudson
800 N. King St., Suite 302
Wilmington, DE 19801
(302) 656-9850
delaw@brucehudsonlaw.com
Attorney for Defendants