IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, and THE DELAWARE DEPARTMENT OF EDUCATION, | : : : : : | |
| Plaintiffs, Counterclaim Defendants, and | : : : | C.A. No. 06-770-JJF |
| VALERIE WOODRUFF, SECRETARY OF EDUCATION FOR THE STATE OF DELAWARE, | : : : : | |
| Counterclaim Defendant, | : : | |
| v. | : : | |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : : : | |
| Defendants, and | : : | |
| MR. & MRS. SQJ, IV individually and on behalf of their son, SQJ, V, | : : : | |
| Counterclaim Plaintiffs. | : : | |

**JOINT PRETRIAL STIPULATION AND ORDER**

**(1)** **A statement of the nature of the action, the pleadings in which the issues are raised and whether counterclaims, cross-claims, etc., are involved.**

**Plaintiff's Statement:**

The Board of Education of the Appoquinimink School District ("the District") and the Delaware Department of Education ("the Department") brought this request for judicial review of an administrative hearing decision pursuant to 20 U.S.C.

§1415(i)(2)-(3) against Julie and Quinton Johnson, IV ("the Johnsons"), parents of Quinton Johnson, V ("Quinton"). Quinton is a special education student who is deaf and eligible to receive special education and related services under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* and 14 *Del. C.* § 3101 *et seq.* ("Chapter 31"). This civil action is brought under the IDEA and Chapter 31. The District and the Department also rely upon the federal regulations implementing the IDEA at 34 C.F.R. Part 300, and the Department's administrative regulations at 14 DE Admin Code §§ 922 through 929.

In April, 2006, the Johnsons requested an administrative due process hearing from the Department concerning the education of their son in accordance with the IDEA and 14 *Del. C.* § 3135. In their administrative complaint, the Johnsons generally claimed Quinton's educational needs could not be met in the public school system, and they sought Quinton's placement at a private school (i.e., St. Anne's Episcopal School) at public expense.

Following a three day evidentiary hearing, the administrative hearing panel issued a decision on September 20, 2006 finding the District provided Quinton with a free appropriate public education in compliance with the IDEA. Despite this finding, the Panel also concluded the District should provide Quinton an interpreter at public expense while he attends St. Anne's Episcopal School as a parentally-placed private school student. *See*, *Appoquinimink Sch. Dist., et al.*, 47 IDELR 179 (DE SEA Sept. 20, 2006).[1]

---

[1] The Hearing Decision and Order are located at D.I. 26, Part IX.

On December 18, 2006, the District and the Department initiated this civil action seeking *partial* judicial review of the Panel Decision.  The District and the Department seek a reversal of the Panel Decision, but only with respect to its specific ruling the District should provide a sign language interpreter to Quinton while he attends St. Anne's Episcopal School by the choice of his parents.  The District and the Department do not challenge the Panel's well-reasoned determination that Quinton was offered a free appropriate public education consistent with the IDEA.

On January 24, 2007, the Johnsons filed an Answer to the Complaint, as well as a Counterclaim naming the District, the Department, and Secretary of Education, Valerie Woodruff, as Counter-Defendants.  In their Counterclaim, the Johnsons alleged violations of 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, the Americans With Disabilities Act, and the IDEA.  By Stipulated Order of November 19, 2007, however, the Johnsons voluntarily dismissed their Counterclaim with prejudice.  In addition, the Johnsons did not appeal the Panel Decision with respect to the finding Quinton was provided a free appropriate public education, and the time has passed for the Johnsons to do so.  *See*, 20 U.S.C. § 1415(i)(2)(B) and 14 *Del. C.* § 3142.

Thus, the sole issue before the Court is the District's and the Department's request for a partial reversal of the Panel Decision related to the specific finding that the District should provide a sign language interpreter to Quinton while he attends St. Anne's Episcopal School as a parentally-placed private school student.

**<u>Defendant's Statement</u>:**

In April 2006, Mr. and Mrs. SQJ, IV, (hereinafter, "the Parents") requested a Due Process Hearing on behalf of their son SQJV. SQJV has been diagnosed as profoundly deaf, and is eligible to receive special education and related services under the Individuals with Disabilities Education Act (hereinafter, "the IDEA"). Respondent to the Parents' Due Process allegations was the Board of Education of Appoquinimink School District (hereinafter, "the Board"). The Parents told the Due Process Hearing Panel (hereinafter, "The Panel") that their son's educational needs could not be met in a public school setting, and sought placement at a private school, with public funding for the placement and for a one-to-one sign language interpreter. Because the Parents' requested relief included publicly funded private placement, the Delaware Department of Education (hereinafter, "the Department") voluntarily joined the administrative complaint as a respondent.

The parties convened in a three-day Due Process Hearing. On September 20, 2006, the Panel found that the Board had provided a free appropriate public education (hereinafter, "FAPE") to SQJV. As a result, the Panel denied the Parents' requested remedy of public funding for SJQV's private placement. However, the Panel found that the Board had not provided a non-discriminatory reason why it would not provide funding for an interpreter for SQJV. The Panel granted the Parents' requested remedy of public funding for a one-to-one sign language interpreter at SQJV's private placement.

On December 18, 2006, the Board and the Department filed a Complaint with this Court seeking partial appeal of the Panel's determinations to this Court as "parties aggrieved" pursuant to 20 U.S.C. § 1415(i). On January 24, 2007, the Defendants filed

an Answer to that complaint. The Defendants also filed a counterclaim alleging violations of 42 U.S.C. § 1983, 29 U.S.C. § 794, the Americans with Disabilities Act, and the IDEA. On November 19, 2007, the Defendants dismissed their counterclaim via joint stipulation.

The sole issue before the Court therefore is the Plaintiffs' original complaint seeking review of the Panel's decision.

**(2)  The constitutional or statutory basis of Federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.**

**Plaintiff's Statement:**

This Court has jurisdiction over this action pursuant to 20 U.S.C. § 1415(i)(2)(A) and has supplemental jurisdiction over the Delaware state law claims under Title 14, Chapter 31, of the Delaware Code pursuant to 28 U.S.C. § 1367.

The District and the Department are parties aggrieved by a final administrative decision pursuant to 20 U.S.C. § 1415(i)(2)(A). The Plaintiffs have exhausted their administrative remedies under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, *et seq.* and Title 14, Chapter 31, of the Delaware Code.

**Defendant's Statement:**

This Court lacks jurisdiction over the dispute because it involves an interpretation of Delaware state law. The Plaintiffs appealed the underlying administrative decision to this Court as a "party aggrieved" by the decision, pursuant to 20 U.S.C. § 1415(i). However, the Plaintiffs' brief makes clear that the appeal centers on the Panel's award of a one-to-one interpreter for SQJV. The Panel based that award on an application of Delaware state law, specifically 14 Del. C. § 3122. Therefore, this Court lacks subject

matter jurisdiction to hear this case, as the Plaintiffs' appeal centers on an application of state, and not federal, law.

**(3)    The following facts are not disputed or have been agreed to or stipulated to by the parties:**

The Parties stipulate to the accuracy of the Administrative Record filed with the Court as part of this appeal.

**(4)    A statement of the issues of fact which any party contends remain to be litigated.**

**Plaintiffs' Statement:**

Plaintiffs' have filed a Joint Motion for Summary Judgment. However, if the Court does not believe that the instant matter can be decided on the present record, Plaintiffs will present testimony regarding:

1.    The amount of the proportion share of federal Part B funds that the District receives to provide services to parentally-placed private school students.

2.    The costs of providing a sign language interpreter to Quinton at St. Anne's Episcopal School.

3.    The basis for the District's decision to not provide public funding for Quinton's interpreter at St. Anne's Episcopal School.

**Defendant's Statement:**

None.

**(5)    A statement of the issues of law which any party contends remain to be litigated.**

**Plaintiff's Statement:**

Whether Quinton is entitled to a publicly-funded interpreter at St. Anne's Episcopal School as a related service under the IDEA despite his status as a parentally-placed private school student.

**Defendant's Statement:**

If the Court finds that it has jurisdiction over this matter, the central issue to be litigated is whether the Board's refusal to approve a sign language interpreter for Quinton was an arbitrary decision with no underlying basis.

**(6)** **A list of pre-marked exhibits, including designations of interrogatories and answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rules of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.**

### Plaintiff's Exhibits

| PX # | Description | Objection | Response |
|---|---|---|---|
| 1 | August 3, 2006 IDEA Correspondence to Administrators | | |
| 2 | Appoquinimink SD Survey Form for Parentally Placed Private School Children with Special Needs | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |

| PX # | Description | Objection | Response |
|---|---|---|---|
| 10 | | | |

### Defendant's Exhibits

| DX # | Description | Objection | Response |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |

**(7)** **The names of all witnesses a party intends to call to testify either in person or by deposition at the trial and the specialties of experts to be called as witnesses.**

**Plaintiff's Witnesses:**

| Witness | Objection | Response |
|---|---|---|
| Mary Ann Mieczkowski | | |
| Martha Toomey | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Defendant's Witnesses:**

| Witness | Objection | Response |
|---|---|---|
| Harvey Zendt | Failure to Disclose; FRE 401, 402, 403. | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**(8)** **A brief statement of what Plaintiff intends to prove in support of Plaintiff's claims including the details of the damages claimed, or of other relief sought, as of the date of preparation of the draft order.**

Mary Ann Mieczkowski, supervisor of the Special Education Services for Appoquinimink School District, will provide testimony relating to the nature and extent of the District's responsibility to provide special education and related services to a parentally-placed private school child with a disability; the amount of the proportional share of the federal Part B funds available to provide services to parentally-placed private school students attending schools located within the District, and the cost of the sign language interpreter for Quinton at St. Anne's Episcopal School. This testimony will show that the District had a rational basis for denying the Johnson's request for public funds for the interpreter at St. Anne's Episcopal School- namely, that the costs associated with the interpreter greatly exceed the amount of the proportional share of the federal Part B funds allocated to the District to provide services to the entire population of parentally-placed private school students attending private schools located within the District.

Martha Toomey, Director, Exceptional Children & Early Childhood Education,

will provide testimony relating to the nature and extent of the District's responsibility to provide special education and related services to a parentally placed private school child with a disability; and the District's obligation to provide a parentally placed private school child with a disability with Federal expenditures proportionate to the number of identified eligible children parentally placed in private schools located within the boundaries of the District.

**(9)   A brief statement of what the Defendant intends to prove as a defense.**

This is not applicable because Defendants assert only that the Hearing Panel decision was not legally erroneous, and that this Court lacks jurisdiction to hear Plaintiffs' appeal from that decision; and neither of these defenses require evidentiary proof.

If the Court determines that it has jurisdiction to hear Plaintiffs' appeal from the Hearing Panel decision, Defendant will prove that the Board's refusal to provide a sign language interpreter for Quinton was an arbitrary decision with no underlying basis, pursuant to Delaware state law; and will respond to Plaintiff's evidence by proving that the Board did not engage in meaningful consultation with representatives of private schools located in the District

**(10)   Statements by counterclaimants or cross-claimants comparable to that required of Plaintiff.**

This is not applicable because Defendants have not brought any counterclaims.

**(11)   Any amendments to the pleadings desired by any party with a statement whether it is unopposed or objected to, and if objected to,**

      **the grounds therefore.**

**<u>Plaintiff's Statement</u>:**

      None.

**<u>Defendant's Statement</u>:**

      None.

      **(12)    The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement but those efforts were unsuccessful.**

      The parties have discussed the possibility of settlement but have not been able to resolve this case. The parties will continue to explore the possibility of a resolution.

      **(13)    Any other matters which the parties deem appropriate, including whether or not the trial should be bifurcated.**

      Plaintiffs and Defendants further reserve the right, pursuant to the Guidelines for Civil Trials Before Judge Farnan, to take a trial deposition of any witnesses not previously deposed.

      **(14)    Limitations, Reservations and Other Matters**

      None.

**TRIAL TIME ESTIMATES**

DB02:6557366.1      059265.1028

  **A.**  **Length of Trial.** Plaintiff's trial estimate is that the probable length of trial is 1 day.  Defendants believe that the trial will last approximately 1 day.

  Mark appropriate box:  Jury  _____

          Non-Jury  ___X___

  **B.**  **Number of Jurors.** Not Applicable.

  **C.**  **Jury Voir Dire.** Not Applicable.

  IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

          _____
          The Honorable Joseph J. Farnan, Jr.

DB02:6557366.1                                        059265.1028