IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, and THE DELAWARE DEPARTMENT OF EDUCATION, | : : : : : | |
| Plaintiffs, Counterclaim Defendants, and | : : : | C.A. No. 06-770-JJF |
| VALERIE WOODRUFF, SECRETARY OF EDUCATION FOR THE STATE OF DELAWARE, | : : : : | |
| Counterclaim Defendant, | : : | |
| v. | : : | |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : : : | |
| Defendants, and | : : | |
| MR. & MRS. SQJ, IV individually and on behalf of their son, SQJ, V, | : : : | |
| Counterclaim Plaintiffs. | : : | |

**PLAINTIFFS' JOINT MOTION IN LIMINE TO EXCLUDE TESTIMONY BY ANY WITNESS NOT IDENTIFIED IN DISCOVERY**

Plaintiffs' hereby aver as follows in support of their Motion in Limine to Exclude Testimony by any Witness not Identified in Discovery:

1. Defendant has identified Mr. Harvey Zendt as a witnesses at trial. Defendant failed to identify Mr. Zendt as a potential witness during discovery in the instant matter.

2. The Scheduling Order entered in the instant matter provided that the Parties were to exchange the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 by August 15, 2007. A required subject of initial disclosure pursuant to Rule 26(a)(1)(a) is

"the name, and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses…" Defendant, however, failed to provided any of the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2, and failed to identify Mr. Zendt, at any point, as a person who is likely to have discoverable information.

3. Subsequently, Plaintiff's served both Interrogatories and Requests for Production of Documents on then-counsel for the Defendants. Defendants failed to respond to any of the Plaintiffs discovery requests.

4. It is well established that a trial court has the authority to bar the testimony of witnesses a party has failed to disclose in discovery. Specifically, Fed. R. Civ. P. 37(c)(1) provides that a party who:

> without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

In addition, case authority also supports the position that the Court may prohibit the testimony of witnesses not disclosed in discovery. *See e.g. Praxair, Inc. v. ATMI, Inc., et al.*, 445 F. Supp. 2d 460 (D. Del. 2006) (exclusion of testimony by three witnesses not disclosed during discovery period proper; no justification existed for delay); *Philips Elecs. North America Corp. v. Contec Corp., et al.*, C.A. No. 02-123-KAJ, Memo. Order (D. Del. Apr. 5, 2004) (granting, in part defendant CMT's motion to preclude testimony of four witnesses at trial); *Guzman v. Abbott Lab.*, 61 F. Supp. 2d 784, 787 (N.D. Ill. 1999); *Roberts v. Chicago*, 434 N.E. 2d 420, 423 (Ill. App. Ct. 1982) (recognizing that the trial court has the discretion to exclude witnesses not

identified in a plaintiff's interrogatories.); *Landry v. Melancon*, 558 So. 2d 1143, 1146 (La. Ct. App. 1989).

5. Here, Defendants' failure to disclose Mr. Zendt is without substantial justification. Indeed, Defendants' failure to provide any of the disclosures required Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 is merely part of a larger pattern of simply ignoring Plaintiffs' legitimate discovery requests in the instant matter.

6. Accordingly, any person, including but not limited to Mr. Zendt, not identified by the Defendants during discovery should be precluded from testifying at trial.

WHEREFORE, Plaintiffs' respectfully request that Defendants be prohibited from presenting Mr. Zendt as a witness at trial and also from introducing any testimony from any other witnesses who were not identified during discovery.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | DEPARTMENT OF JUSTICE |
|---|---|
| /s/ Michael P. Stafford, Esquire | /s/ Mary L. Cooke, Esquire |
| Scott A. Holt, Esquire (No. 3399)<br>Michael P. Stafford, Esquire (No. 4461)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6623; 571-6553<br>Facsimile: (302) 576-3299; 576-3461<br>Email: sholt@ycst.com; mstafford@ycst.com<br>*Attorneys for Plaintiff Appoquinimink Sch. Dist.* | Mary L. Cooke, Esquire (No. 3441)<br>102 West Water Street<br>Dover, DE 19901<br>Telephone: (302) 739-7641<br>Mary.Cooke@state.de.us<br>*Attorney for the Delaware Department of Education and the Secretary of Education, Valerie A. Woodruff* |

Dated: February 7, 2008

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and U.S. PHILIPS CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CONTEC CORPORATION, COMPO MICRO TECH, INC., SEOBY ELECTRONICS CO., LTD., REMOTE SOLUTION CO., LTD., F/K/A HANGO ELECTRONICS CO., LTD., HANGO REMOTE SOLUTION, INC.,<br><br>Defendants. | Civil Action No. 02-123-KAJ |

## MEMORANDUM ORDER

On March 29, 2004, I held a pretrial conference with the parties in anticipation of the trial in this matter scheduled to commence on April 12, 2004. At that time, I was able to address several of the motions in limine filed with the pretrial order.[1] Following are my rulings on the remaining motions in limine.[2]

Philips' motion to exclude from the jury evidence of proceedings in foreign patent offices (see Pretrial Order, Docket Item ["D.I."] 361, at 56) is hereby GRANTED,

---

[1] I granted Philips' motion to exclude from the jury evidence relevant solely to CMT's equitable defenses (Transcript at 29); I granted Philips' motion to exclude opinion of counsel letters that were prepared for a company that is no longer a party to this litigation and which were never seen by any CMT employee (Transcript at 48); and I granted CMT's motion to exclude the testimony of Philips' proposed legal expert (Transcript at 56-57).

[2] In light of the rulings contained herein and decisions issued on the parties' dispositive motions, the parties should confer and contact the court for a teleconference to further discuss the trial in this case.

although it is perhaps better viewed simply as moot. CMT has effectively conceded that the contested evidence is relevant solely to its equitable defenses. (See *id.* at 58.) I have already ruled that I will hear evidence on those defenses separately from the evidence presented to the jury. Accordingly, the relief that Philips seeks is unnecessary. It should be plain to the parties that evidence regarding proceedings in foreign patent offices is to be presented solely before me, in connection with the parties' positions on CMT's inequitable conduct defense.

Philips' motion to exclude untimely produced evidence (*id.* at 61) is hereby GRANTED. Following the September 2003 discovery cutoff in this case, a cutoff that was twice extended, CMT came forward with additional documents which it has failed to persuade me could not have been produced during the extended discovery period. For example, during the deposition of its president or chairman, a Mr. Park, CMT disclosed the existence of relevant information in Mr. Park's appointment books but refused to schedule a continuation of the deposition to permit Philips to question Mr. Park following the production of that information. Remarkably, CMT asserts that it should be able to rely on those documents now because Philips didn't seek to compel the extension of the deposition before. That approach, of course, would put the onus for late production on the wronged party and ignores the import of Federal Rule of Civil Procedure 37(c)(1), which provides that "[a] party that without justification fails to disclose information required [by the rules of discovery] is not, unless such failure is harmless, permitted to use as evidence at trial ... information not so disclosed."

That provision was added to the Rules to serve as an "automatic sanction" intended to provide "a strong inducement for disclosure of material that the disclosing

party would expect to use as evidence[.]" Advisory Committee Note to 1993 Amendments to Fed.R.Civ.P. 37. CMT's suggestion that it is permitted to supplement its discovery responses up to the day of trial (see D.I. 373 at 3) does not address the pertinent point: is there any reasonable excuse for its delay in bringing forward the material it wants to rely upon now? I have not heard it, if there is. What I have heard is the claim that delivering documents after the close of discovery, including the close of expert discovery, should be permitted because "CMT has consistently made its best efforts to comply with its discovery obligations." (*Id.* at 4.) That assertion, of course, is hotly contested by Philips, which claims it has faced repeated difficulty in obtaining CMT's compliance with the rules of discovery. Regardless of who is right on that score, however, an "A" for effort does not excuse CMT's failure to abide by its disclosure obligations. "In every trial there comes a time when discovery must be closed for issues to be resolved through summary judgment and/or trial." *Stambler v. RSA Sec., Inc.*, 21 F.R.D. 470, 472 (D. Del. 2003). Since CMT has not shown that its failure to properly and timely produce the evidence in question is harmless, the evidence will not be permitted at trial.

CMT's motion to exclude evidence regarding the doctrine of equivalents (D.I. 361 at 64) is mooted by my summary judgment ruling in CMT's favor on the '562 patent.

CMT seeks the exclusion of four proposed witnesses for Philips: Messrs. Bovial, Parham, Ingersoll, and Orlando. (*Id.* at 71.) Its motion is DENIED in part and GRANTED in part, with leave for Philips to provide further evidence from the discovery record to support its contention that information regarding Mr. Parham was adequately

disclosed. CMT's contention is that, although the identity of these individuals may have surfaced in pretrial discovery, CMT has been unfairly surprised to find them listed as witnesses. As to Messrs. Ingersoll and Orlando, that contention simply does not bear serious scrutiny. CMT itself identified those two gentlemen as having knowledge related to CMT's laches and estoppel defenses. (D.I. 381 at 2.) Philips has argued, without a direct rebuttal from CMT, that the testimony of these men is only relevant because CMT wants to introduce testimony of what they allegedly communicated to CMT's Mr. Park. (Tr. at 36.) It is untenable for CMT to argue that it is surprised to learn that the very individuals it has identified as disclosing relevant information to Mr. Park may have something relevant to say about what they told Mr. Park. CMT's motion to exclude Messrs. Ingersoll and Orlando as witnesses is therefore DENIED.

As to Messrs. Bovial and Parham, however, CMT"s protestations are more credible. it appears that CMT did ask interrogatories that should have elicited their names and that Philips did not identify them in response to those interrogatories. The interrogatories require the identification of individuals with knowledge of facts supporting Philips' contention that the Philips' patents in suit are valid and that CMT has infringed them. Philips does not argue, apparently because it cannot, that it ever supplemented its interrogatory responses by naming Messrs. Bovial and Parham. Philips contends that it could not have read the interrogatories as requiring it to identify those men. On that score it is mistaken. While broadly worded, the interrogatories in question do require the identification of individuals with knowledge of the facts underlying Philips' validity and infringement assertions. (See D.I. 381 at Ex. A, Interrogatories No. 2 and No. 3.)

What Philips does say, however, at least as to Mr. Bovial, is persuasive. Philips asserts that CMT learned long ago that Mr. Bovial had relevant knowledge, that he was discussed at length in several depositions, a claim that CMT does not deny, and that certain deponents gave very specific testimony about the central role that Mr. Bovial, a former Philips employee, played in providing information given by a current Philips employee at a 30(b)(6) deposition. (D.I. 361 at 76.) Accordingly, CMT was fairly on notice of Mr. Bovial's identity and the type and importance of the information he possesses. CMT's motion to exclude Mr. Bovial as a witness is therefore DENIED.

Philips has not made a similar case with respect to Mr. Parham. Other than its flat assertion that Mr. Parham's name has come up, Philips has given no indication that Mr. Parham was someone that CMT could have and should have focused on in the course of discovery. CMT's motion to exclude his testimony is therefore GRANTED; however, given the potential impact of excluding a witness at this late date, I will provide one final opportunity for Philips to disclose exactly what it proposes to have Mr. Parham testify to and the evidence in the discovery record that should have put CMT on notice that he was a candidate to provide such testimony at trial. Philips submission in this regard should be delivered to the Court and served on opposing counsel no later than the close of business on Tuesday, April 6, 2004. Any response that CMT may wish to make should be delivered by the close of business on Thursday, April 8, 2004.

*[signature]*
UNITED STATES DISTRICT JUDGE

April 5, 2004
Wilmington, Delaware

5