IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, and THE DELAWARE DEPARTMENT OF EDUCATION, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, Counterclaim Defendants, and | : C.A. No. 06-770-JJF <br> : <br> : |
| VALERIE WOODRUFF, SECRETARY OF EDUCATION FOR THE STATE OF DELAWARE, | : <br> : <br> : <br> : |
| Counterclaim Defendant, | : |
| v. | : |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : <br> : <br> : |
| Defendants, and | : <br> : |
| MR. & MRS. SQJ, IV individually and on behalf of their son, SQJ, V, | : <br> : <br> : |
| Counterclaim Plaintiffs. | : |

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' REPLY BRIEF
IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:   (302) 571-6623; 571-6553
Facsimile:   (302) 576-3299; 576-3461
Email: sholt@ycst.com; mstafford@ycst.com
Attorneys for Plaintiff Appoquinimink Sch. Dist.

DEPARTMENT OF JUSTICE
Mary L. Cooke, Esquire (No. 3441)
102 West Water Street
Dover, DE 19901
Telephone: (302) 739-7641
Mary.Cooke@state.de.us
Attorney for the Delaware Department
of Education and the Secretary of
Education, Valerie A. Woodruff

Dated: February 14, 2008

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| SUMMARY OF THE ARGUMENT | 1 |
| ARGUMENT | 3 |
|    I. The Hearing Panel's Decision Is Not Based On State Law. | 3 |
|    II. Defendants Fail to Respond to the Arguments Raised in Plaintiffs' Opening Brief. | 5 |
|    III. Plaintiffs Have Not Waived Arguments By Failing To Raise Them Before The Hearing Panel. | 8 |
|    IV. Defendants Have Waived Their Right To Challenge The Department's Standing As A Party Aggrieved By The Findings And Decision. | 11 |
| CONCLUSION | 13 |

## TABLE OF CITATIONS
Page

**Cases**

*Bay Shore Free Union Sch. Dist. v. Kain*,
    485 F.3d 730 (2d Cir. 2007) ............................................................................................. 4

*Coale v. Del. Dep't of Educ.*,
    162 F. Supp. 2d 316 (D. Del. 2001) ............................................................................... 11

*Gadsby by Gadsby v. Grasmick*,
    109 F.3d 940 (4th Cir. 1997) .......................................................................................... 11

*Stephen C. v. Radnor Tp. Sch. Dist.*,
    202 F.3d 642 (3d Cir. 2000) ............................................................................................. 5

*Susan N. v. Wilson School District*,
    70 F.3d 751 (3d Cir. 1995) ............................................................................................. 10

*William D. by Dennis and Lucy D. v. Manheim Township Sch. Dist.*,
    Civil Action No. 04-4535, 2005 U.S. Dist. LEXIS 21437 (E.D. Pa. Sept. 27, 2005) ...... 10

*William D. v. Manheim Twp. Sch. Dist.*,
    Civil Action No. 04-4535, 2007 U.S. Dist. LEXIS 72657 (E.D. Pa. Sept. 27, 2007) ........ 5

**Other Authorities**

14 *DE Admin Code* § 923.11 ................................................................................................ 7

14 *Del. C.* § 3122 .................................................................................................... 1, 3, 4, 6

20 U.S.C. § 1412 .................................................................................................................. 7

20 U.S.C. § 1415(i)(2)(A) ................................................................................................... 11

22. *Pa. Code* § 14.132 .......................................................................................................... 5

34 C.F.R. § 300 140(a) ......................................................................................................... 7

34 C.F.R. § 300.137(a) 923.37.1 ......................................................................................... 7

34 C.F.R. § 300.516(c) ....................................................................................................... 10

## SUMMARY OF THE ARGUMENT

The Court has jurisdiction over the instant matter. A fair reading of the Decision and Order does not indicate that the Hearing Panel based its decision on Delaware law or determined that Delaware law imposes a higher substantive standard than that mandated by the IDEA. Alternatively, even if the Court accepts Defendants' argument that the Hearing Panel's decision is predicated on Delaware law, it still has jurisdiction over the case under applicable Third Circuit precedent. Specifically, the Third Circuit has expressly held that the IDEA incorporates state standards, and that a public school district may violate the IDEA if it fails to satisfy the more stringent state law requirements.

Defendants fail to respond to the majority of the arguments raised in Plaintiffs' Opening Brief and have therefore conceded them. Moreover, Defendants' argument that the Hearing Panel committed no legal error is meritless. Defendants argue that the sole basis for the Hearing Panel's decision is 14 *Del. C.* § 3122. Section 3122, however, addresses the State "child find" obligations and is inapplicable to the present case.

Defendants' argument that the Plaintiffs have sought to improperly embellish the testimony of Ms. Mieczkowski is also erroneous. At the administrative level, the Defendants did not allege that the District abused its discretion or that Quinton had an entitlement to a publicly-funded ASL interpreter as a parentally-placed private school student. Moreover, the Court has broad authority to hear additional evidence, such as that contained in Ms. Mieczkowski's Affidavit, at the request of a party. Similarly, Plaintiffs' submission of new evidence in the form of an affidavit does not preclude this Court from granting their Motion for Summary Judgment.

1

Finally, Defendants have previously admitted, in their Answer, that the Department is a party aggrieved by the Hearing Panel's decision. As such, they have waived any argument that the Department is not an aggrieved party or a party in interest in the instant matter.

## ARGUMENT

### I. The Hearing Panel's Decision Is Not Based On State Law.

In their Answering Brief, Defendants argue that this Court lacks jurisdiction to hear the instant matter because the Complaint requesting judicial review is based on an issue of Delaware state law. Specifically, Defendants allege that "the Panel's award of an interpreter for SQJV was based on state law, not on the IDEA." (D.I. 40, p. 5). This argument is without merit.

Although Defendants repeatedly assert the state law basis of the Hearing Panel's decision, the actual decision written by the Hearing Panel does not support this claim. Rather, nothing in the Hearing Decision and Order indicates that the Hearing Panel based its decision on state law, or found that Delaware law imposed a higher requirement on the District than the IDEA.

In support of their argument in favor of the purported state-law basis of the Hearing Panel's decision, Defendants point to pages 25 and 26 of the Hearing Decision and Order, which contains a section labeled "State Law" discussing 14 *Del. C.* § 3122. In Defendants' view:

> After determining that the IDEA does not require the provision of an ASL interpreter, the Panel correctly examined state law. The Panel's decision to award SQJV an ASL interpreter did not rest on the IDEA, or the attendant regulations or caselaw. Rather, the Panel based its decision on its interpretation of Delaware state law.

(D.I. 40, p.7). Defendants' argument ignores the fact that the Hearing Panel had already concluded, in the preceding section of the Hearing Decision and Order discussing the IDEA and relevant federal case law, that the District was liable for the provision of the ASL interpreter at St. Anne's Episcopal School. Specifically, the Hearing Panel wrote:

> The school district is not required to provide the interpreter as it might have been under earlier case law in other districts, but it still has the discretion and must exercise that discretion in a rational, non-arbitrary manner.

3

> Thus it follows that the Respondent is not required to provide the interpreter, but may do so. Becoming a matter of discretion, which is not to be exercised arbitrarily, there is no rationale given for failing to provide the service on-site at the private school. It would be an arbitrary exercise of discretion to simply refuse to provide the interpreter on-site at St. Anne's simply because it is "not required" under the law.

(D.I. 23, Tab 9, pp. 24-25). The Hearing Panel then observed that Delaware, unlike some other states, does not have a specific state statute addressing the provision of services to parentally-placed private school students. (D.I. 23, Tab 9, p. 25). The Hearing Panel then cites to 14 *Del. C.* § 3122, a statute which deals with child-find, and concludes that "[t]here is at least an indication of a requirement that the reason for not providing related service be inquired into, indicating some need to exercise the discretion with reasoning factors, not just an arbitrary decision with no underlying basis." (D.I. 23, Tab 9, p. 26). The foregoing shows that the Hearing Panel merely read Delaware law to be in accord with its interpretation of the IDEA. Nothing in the Hearing Decision and Order indicates, as Defendants allege, that the Hearing Panel's finding was based on state law, or that it found that Delaware law places a higher burden on the District than the IDEA.

As discussed above, in the instant matter, there is no indication that the Hearing Panel based its decision on Delaware law, or interpreted Delaware law to impose a stricter obligation on the District then is imposed by the IDEA itself. In the alternative, however, even if the Hearing Panel's decision is based solely on Delaware law, this Court has jurisdiction under applicable Third Circuit precedent.

In this regard, the instant matter is distinguishable from *Bay Shore Free Union Sch. Dist. v. Kain*, 485 F.3d 730 (2d Cir. 2007). In *Bay Shore,* the Second Circuit held that a New York state regulation passed to comply with the IDEA, but imposing stricter obligations on school

4

districts than required by the IDEA, did not provide a basis for federal question jurisdiction. Inexplicably, in discussing the *Bay Shore* case and its applicability to the instant matter, Defendants fail to note that the applicable precedent from the Third Circuit is contrary to the Second Circuit's decision. Specifically, in *Stephen C. v. Radnor Tp. Sch. Dist.*, 202 F.3d 642, 647 (3d Cir. 2000), the Third Circuit expressly held that "federal law incorporates state standards, and a school district may violate the IDEA if it fails to satisfy the more stringent state law requirements." The disagreement between the Third Circuit and Second Circuit positions on this issue was recently noted by the United States District Court for the Eastern District of Pennsylvania, which, in determining that it had federal question jurisdiction to hear a claim brought under Pennsylvania state law (22. *Pa. Code* § 14.132), noted the Third Circuit's rule that districts can violate the IDEA by failing to meet more stringent state-law standards. *William D. v. Manheim Twp. Sch. Dist.*, Civil Action No. 04-4535, 2007 U.S. Dist. LEXIS 72657, *13-14 (E.D. Pa. Sept. 27, 2007).

Finally, Defendants admitted that this Court had jurisdiction over the instant matter in their Answer. (D.I. 6, at ¶ 4-6). Moreover, Defendants also stated in their Answer, that "[t]he Panel did not exceed its authority and arbitrarily determine that the District is required to provide an ASL interpreter to a child within its boundaries as required under to the IDEIA regulations as cited in the decision. (Decision at 17 through 20)." (D.I. 6, ¶14). Obviously, Defendants, at the time they filed their Answer, clearly understood that the Hearing Decision and Order involved an issue of federal law.

## II. Defendants Fail to Respond to the Arguments Raised in Plaintiffs' Opening Brief.

In their Opening Brief, Plaintiffs set forth, in exhaustive detail, the law relating to the provision of special education and related services to parentally-placed private school students.

5

Plaintiffs distinguished the more limited set of obligations owed to parentally-placed private school students from the broader rights and protections available to students with disabilities in the public school system. Plaintiffs also attacked the basis of the Hearing Panel's decision on a number of grounds, and argued that it committed legal error. Defendants have no answer to these arguments. Instead, Defendants premise their entire argument on the claim that (a) the Hearing Panel based its decision on Delaware law, specifically 14 *Del. C.* § 3122 and (b) that the Hearing Panel's interpretation of Section 3122 was correct. Neither argument has merit.

First, as discussed *supra,* the Court must distinguish between Defendants' characterizations of the Hearing Decision and Order and what the Hearing Decision and Order actually says. Although Defendants' Answering Brief is replete with references to the purported state law basis of the Hearing Panel's decision, the Hearing Panel itself actually never indicated that its decision was based on Delaware law. Indeed, as discussed above, the Hearing Panel's decision actually indicates that it had already concluded that the District was responsible for providing the ASL interpreter in its discussion of the IDEA and relevant federal case law. Moreover, nothing in the Hearing Panel's decision indicates, in any way, that the Hearing Panel read 14 *Del. C.* § 3122 to impose a higher substantive standard than that mandated by the IDEA.

Second, in the alternative, to the extent the Hearing Panel did read 14 *Del. C.* § 3122 to support its decision, it committed legal error. As explained in greater detail in Plaintiffs' Opening Brief, one of the obligations of public school districts toward parentally-placed private school students is to conduct "child find." *See* 20 U.S.C. § 1412. Here, 14 *Del. C.* § 3122 is the Delaware statute addressing the identification and reporting of disabled persons- in other words, "child find." *See also,* 14 *DE Admin Code* § 923.11. As such, 14 *Del. C.* § 3122 is inapplicable

6

to the instant matter, as there is no dispute that Quinton was identified as a student qualifying for special education and related services.

Defendants also argue that the Hearing Panel did not act beyond its authority in determining that the District has an obligation to provide Quinton with an ASL interpreter at St. Anne's Episcopal School despite his status as a parentally-placed private school student. This argument ignores the clear language in the IDEA and its implementing regulations that "[n]o private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school," 34 C.F.R. § 300.137(a) 923.37.1, and that disputes concerning the provision of services to parentally-placed private school students are not subject to due process procedures. 34 C.F.R. § 300 140(a).

Moreover, as explained in greater detail *infra*, the Due Process Complaint filed by the Johnsons did not raise a claim concerning Quinton's entitlement to services *as a parentally-placed private school student*, or allege that the District abused its discretion in denying their request for public funding of his ASL interpreter. The Defendants also erroneously contend that the District objected to the sufficiency of the Due Process Complaint but failed to make any objection to the Hearing Panel's jurisdiction. In common with many of their arguments in the Answering Brief, Defendants again blatantly misstate and mischaracterize the administrative record. Defendants did not object to the sufficiency of the initial Due Process Complaint, instead they provided the Johnsons with a response to their allegations. (D.I. 25, Tab 6, Dist. Ex. 52, ASD 231-233). Again, the Johnsons had not asserted a claim or allegation that Quinton had an entitlement to receive the ASL interpreter as a parentally-placed private school student. Defendants would have the District assert hypothetical objections based on the subsequent

7

grounds upon which the Hearing Panel ultimately decided the case. Plaintiffs, of course, did not act with the benefit of hindsight, and had no grounds to raise a jurisdictional objection to the Due Process Complaint as it was initially framed by the Johnsons, or subsequently clarified by their attorney, Patricia O'Neill.

### III. Plaintiffs Have Not Waived Arguments By Failing To Raise Them Before The Hearing Panel.

In their Answering Brief, Defendants argue that the Plaintiffs waived any equitable arguments concerning the costs of Quinton's ASL interpreter at St. Anne's Episcopal School and also that they are improperly seeking to embellish the testimony of Mary Ann Mieczkowski, the District's Supervisor of Special Education Services, through her affidavit submitted with Plaintiffs' Opening Brief in Support of Their Joint Motion for Summary Judgment. Neither argument has merit.

Taking each issue in turn, first, Plaintiffs did raise equitable considerations concerning the costs associated with Quinton's proposed placement at St. Anne's Episcopal School in their Closing Argument brief submitted to the Hearing Panel. (D.I. 26, Tab 8, p. 28-29). In that portion of their written Closing Argument, Plaintiffs noted that cost is a factor to be considered in fashioning equitable relief under the IDEA, and that the Hearing Panel had erred by excluding testimony concerning the cost of tuition at St. Anne's Episcopal School. By raising an equitable argument concerning the costs associated with Quinton's proposed placement at St. Anne's Episcopal School, which encompasses the costs of the ASL interpreter, Plaintiffs preserved this issue for appeal.

Second, Defendants' argument that Plaintiffs are improperly seeking to embellish Ms. Mieczkowski's testimony ignores the fact that the Johnsons did not raise any arguments

concerning the District's alleged "abuse of discretion" in denying their request for an interpreter for Quinton in their due process complaint, or at the administrative due process hearing. The initial request for due process filed by the Johnsons does not claim that the District abused its discretion in denying their request for an ASL interpreter for Quinton at St. Anne's Episcopal School. (D.I. 25, Tab 5, Parents' Ex. 1, pp. 2-3). Subsequently, the Johnsons retained counsel, Patricia O'Neill, who filed a letter clarifying the issues in dispute at the due process hearing. (D.I. 25, Tab 4, Parents' Ex. 1, pp. 4-7). In her letter, Ms. O'Neill states that she has "reviewed the Parent's submission of the description of the problem and the facts upon which their Due Process Complaint is based and have organized then [sic] in the following manner:

> 1. The District failed to provide meaningful educational progress as is required under the IDEA (or IDEIA or IDEA of 2004), specifically in the area of Reading comprehension and Reading based, among others, on testing results...
>
> 2. The Proposed IEP fails to be reasonably calculated to provide meaningful educational progress in that the goals are not measurable...
>
> 3. The proposed placement at the Delaware School for the Deaf is not the Least Restrictive Environment nor the appropriate placement for the child..."

(Id.). Not surprisingly, Ms. O'Neill's opening statement to the Hearing Panel also contains no mention of any purported abuse of discretion by the District, nor any claim that Quinton is entitled to an ASL interpreter as a parentally-placed private school student. (D.I. 24, Tab 1, pp. 31-41). Finally, the Johnsons' Closing Argument brief submitted to the Hearing Panel contains no mention of any purported "abuse of discretion" by the District, nor any claim that Quinton is entitled to receive an ASL interpreter as a parentally-placed private school student. (D.I. 26, Tab 8, pp. 1-26).

9

Plaintiffs cannot be faulted for failing to be clairvoyant. Plaintiffs had no notice, based on the Johnsons' submissions, that the basis for the decision to deny Quinton an ASL interpreter as a related service for him as a parentally-placed private school student was being challenged. Instead, the Johnsons framed the instant matter at the administrative level as being a case concerning FAPE and LRE. Ms. Mieczkowski did not testify on the issue for the simple reason that it was not at issue in the due process case, as it had been framed by the Johnsons.

In addition, courts have wide discretion to allow "additional evidence," i.e., evidence not introduced at the administrative hearing level, in appeals brought pursuant to the IDEA. *See e.g., William D. by Dennis and Lucy D. v. Manheim Township Sch. Dist.*, Civil Action No. 04-4535, 2005 U.S. Dist. LEXIS 21437, *9-11 (E.D. Pa. Sept. 27, 2005) (a court should consider evidence that is "relevant, non-cumulative and useful" when deciding cases involving alleged IDEA violations, regardless of when it was acquired); *Susan N. v. Wilson School District,* 70 F.3d 751, 759-60 (3d Cir. 1995); 34 C.F.R. § 300.516(c). Here, the additional evidence contained in the Affidavit is clearly relevant, non-cumulative, and useful to the Court in the disposition of the instant matter. The evidence in the Affidavit shows that the costs of Quinton's ASL interpreter greatly exceed the entire proportional share of federal Part B funds available to the District to provide services to the entire population of parentally-placed private school students attending private schools located within the District.

Finally, the submission of additional evidence in the form of an affidavit does not preclude this Court from deciding the instant matter on summary judgment. As the Fourth Circuit has noted in an IDEA case, "[s]ummary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any,* show that there is no genuine issue as to any material fact and that the moving party is

10

entitled to judgment as a matter of law." *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997) (emphasis added); Fed . R. Civ. P. 56(c). In a prior case in this Court , *Coale v. Del. Dep't of Educ.*, 162 F. Supp. 2d 316, 322-23 (D. Del. 2001), the Court decided the matter based on the evidence contained in the administrative record and the additional evidence contained in the attachments to the parties' summary judgment briefs. The *Coale* court went on to explain that, "[b]ecause neither party wished to present additional evidence beyond that which has already been submitted (the administrative record and the attachments to the summary judgment briefs), there is no reason to apply the typical summary judgment standard. For example, to the extent the court finds that there are "genuine issues of material fact," the court will simply decide those issues of fact based on a preponderance of the evidence standard of proof." *Id.* Of course, in the instant matter, Defendants failed to attach any additional evidence, in any form, to their Answering Brief.

## IV.    Defendants Have Waived Their Right To Challenge The Department's Standing As A Party Aggrieved By The Findings And Decision.

In their Answer to the Complaint, Defendants admitted that the Department is a "'party aggrieved' by a final administrative decision pursuant to 20 U.S.C.A. § 1415(i)(2)(A)." *See* D.I. 1 at ¶2; D.I. 11 at ¶ 2. Defendants have not asked to amend their Answer pursuant to Rule 15 of the Federal Rules of Civil Procedure. All motions to amend the pleadings were to have been filed on or before August 24, 2007, pursuant to the Rule 16 Scheduling Order. *See* D.I. 15 at ¶ 5.

In addition, Defendants now for the first time raise the issue of the Department's standing in their Answering Brief to Plaintiffs' Joint Motion for Summary Judgment. Rather than refute or respond to the arguments underlying the Plaintiffs' Motion for Summary Judgment, Plaintiffs

11

assert the Department lacks standing – a fact that the Defendants have previously admitted. The delay in asserting this defense is unwarranted.

Defendants have waived the standing defense by admitting the Department had standing as an aggrieved party in its Answer, failing to seek amendment of its pleadings, and failing to raise the issue in a timely manner.

## CONCLUSION

For the foregoing reasons and authorities cited herein, summary judgment must be granted to the Plaintiffs on all the claims raised in their Complaint requesting judicial review.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | DEPARTMENT OF JUSTICE |
|---|---|
| /s/ Michael P. Stafford, Esquire | /s/ Mary L. Cooke, Esquire |
| Scott A. Holt, Esquire (No. 3399)<br>Michael P. Stafford, Esquire (No. 4461)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391<br>Telephone: (302) 571-6623; 571-6553<br>Facsimile: (302) 576-3299; 576-3461<br>Email: sholt@ycst.com; mstafford@ycst.com<br>*Attorneys for Plaintiff Appoquinimink Sch. Dist.* | Mary L. Cooke, Esquire (No. 3441)<br>102 West Water Street<br>Dover, DE 19901<br>Telephone: (302) 739-7641<br>Mary.Cooke@state.de.us<br>*Attorney for the Delaware Department of Education and the Secretary of Education, Valerie A. Woodruff* |

Dated:   February 14, 2008