IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, and THE DELAWARE DEPARTMENT OF EDUCATION, | : : : : : | |
| Plaintiffs, Counterclaim Defendants, and | : : : | C.A. No. 06-770-JJF |
| VALERIE WOODRUFF, SECRETARY OF EDUCATION FOR THE STATE OF DELAWARE, | : : : : | |
| Counterclaim Defendant, | : : | |
| v. | : : : | |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : : : | |
| Defendants, and | : : | |
| MR. & MRS. SQJ, IV individually and on behalf of their son, SQJ, V, | : : : : | |
| Counterclaim Plaintiffs. | : | |

**PLAINTIFFS' JOINT ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS MOTION TO FILE LEAVE TO FILE SURREPLY**

In their motion for leave to file a Surreply Brief (the "Motion" (D.I. 44)) Defendants

request the Court's assistance to compensate for deficiencies in their Answering Brief by seeking

leave to file a Surreply Brief. This Motion is little more than a thinly-veiled attempt to have the

last word on various issues by "clarifying" arguments made in their Answering Brief and that

otherwise provides no basis for the filing of a Surreply Brief.

Leave to file a surreply brief is warranted only in rare circumstances, such as, for

example, where the moving party improperly raises new arguments in its reply brief. *See Hall v.*

*Whitacre*, No. 06-1240-JTM, 2007 U.S. Dist. LEXIS 39872 (D. Kan. May 31, 2007 ( "Surreplies are *heavily disfavored*, and are allowed only in the most extraordinary circumstances.") (emphasis added); *Mansoori v. Lappin*, 2007 U.S. Dist. LEXIS 7612, at *3 (D. Kan. Feb. 1, 2007) (surreply only appropriate under "rare circumstances" where moving party improperly raises new arguments in reply brief); *Olver-Morales v. Int'l Labor Mgmt. Corp.*, 246 F.R.D. 250, 254 (M.D.N.C. 2007) (denying leave to file surreply based, in part, on purported "misrepresentations of fact and misstatements of law" and noting that "[s]urreplies are generally disfavored"); *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("Surreplies and any other filing that serves the purpose or has the effect of a surreply, *are highly disfavored*, as they usually are a strategic effort by the nonmovant to have the last word on a matter.") (emphasis added).  In particular, a surreply brief is not warranted where the nonmovant simply intends to respond to arguments made in the movant's reply brief. *Lightfoot v. District of Columbia*, 2006 U.S. Dist. LEXIS 1358, at *2 n.2 (D.D.C. Jan. 10, 2006) (surreply not permitted when a reply brief "merely respond[s] to the [opposing party's] arguments contained in his opposition").  This Court has not hesitated to deny leave to file surreply briefs. *See e.g. Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006).

In the instant matter, Defendants filed their Motion on February 19, 2008. (D.I. 44).  In paragraph 4 of the Motion, Defendants state that they "seek the Court's indulgence to file a Surreply... due to misstatements of fact and law in Plaintiffs' Reply Brief." (D.I. 44).  The Motion provides no further explanation as to what the purported "misstatements of fact and law" might be.

Prior to filing the Motion, on Monday, February 18, 2008, James Silver, Esq., counsel for the Defendants contacted counsel for the Board of Education of the Appoquinimink School

2

District (hereinafter, "the District") by telephone. At that time, Mr. Silver, indicated that the Defendants intended to file a motion seeking leave to file a Surreply Brief. Counsel for the District specifically asked Mr. Silver to explain the basis for the Surreply Brief. In response, Mr. Silver indicated that Defendants intended to "clarify" their arguments on the alleged state-law basis of the Hearing Panel's decision and the purported lack of federal jurisdiction.[1] At no time in the conversation did Mr. Silver indicate that Defendants believed Plaintiffs had made "misstatements of fact and law" in their submissions to the Court. Therefore, upon receiving and reviewing the Motion, counsel for the District wrote to Wayne Steedman, Esq., on February 20, 2008, and requested, in part, that he "immediately identify the specific 'misstatements of fact and law' referenced in the Motion." (See, Letter to Wayne Steedman, February 20, 2008, attached hereto as Exhibit A). Bruce Hudson, Esq., local counsel for the Defendants, indicated that the requested clarification would be provided "as requested in your letter." (see, Bruce Hudson, Esq., email of February 20, 2008, attached hereto as Exhibit C.).

In response, counsel for the Defendants replied by letter dated February 21, 2008. (Exhibit B). Defendants asserted that:

> [t]he basis for our Motion is the statements in Plaintiffs' Reply Brief that 'Defendants at the time they filed their Answer, clearly understood that the Hearing Decision and Order involved an issue of federal law' (page 5). We intend to note, in our Surreply, that the statement is factually incorrect because it ignores the concurrent filing of the Johnsons' Answer and their Counterclaim against the District and the Department. We also intend to note that, whether a party admits jurisdiction at any point is irrelevant. It is up to the Court to determine whether it has jurisdiction to resolve a claim.

---

[1] In Mr. Silver's recollection, he "told [counsel for the District] that the basis of our request was our 'intent to clarify the factual basis for our jurisdictional argument.'" (See, Letter to Michael Stafford, Esq., February 21, 2008, attached hereto as Exhibit B).

3

(Exhibit B). Defendants provided no further explanation of their allegation, contained in paragraph 4 of the Motion, that Plaintiffs had made "misstatements of fact and law" in their Reply Brief.

As clarified by Defendants in their letter of February 21, 2008, it is clear that the Motion is without merit. Defendants merely wish to have the last word on a subject and an opportunity to clarify arguments in their Answering Brief. Moreover, the specific quote identified by Defendants as a "misstatement" of fact in reality followed a direct quote from paragraph 14 of the Defendants' Answer: "[t]he Panel did not exceed its authority and arbitrarily determine that the District is required to provide an ASL interpreter to a child within its boundaries as required under to the IDEIA regulations as cited in the decision. (Decision at 17 through 20)." (D.I. 6, ¶14). The quotation is accurate, and it does not relate to the Defendants' Counterclaims.

In addition, Defendants failed to comply with Local Rule 7.1.1 prior to filing the Motion. Local Rule 7.1.1 provides, in pertinent part, that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion." As this Court has previously admonished, Local Rule 7.1.1 "is not intended to be a mere formality, but rather must be followed by the parties in good faith." *Bayer AG v. Housey Pharmaceuticals, Inc.*, Civil Action No. 01-148-SLR, p.2 (D. Del. Oct. 22, 2002) (Mem. Order) (attached hereto as Exhibit D). Here, Mr. Silver verbally provided a different rationale for the Motion than that which is contained in paragraph 4 of the Motion. As such, by failing to identify the basis for the Motion prior to filing, Defendants did not engage in the "reasonable efforts" contemplated by Local Rule 7.1.1. In addition, counsel for Defendants by his own admission failed to reach counsel for the Department by phone prior to filing the Motion. Counsel for the Defendants also

4

failed to attempt to contact counsel for the Department by electronic mail. (See Exhibits A; B).

Again, this fails to satisfy the requirements of Local Rule 7.1.1.

Leave to file a surreply brief is granted only in rare circumstances. Here, as clarified in

Defendants' letter of February 21, 2008 (Exhibit B), it is clear that the instant matter is *not* such

an exceptional circumstance. Defendants are merely seeking to "clarify" arguments made in

their Answering Brief and to have the last word on various issues. Moreover, as outlined *supra*,

Defendants failed to comply with Local Rule 7.1.1 prior to filing the Motion. For the foregoing

reasons, Plaintiffs respectfully request that the Court deny the Motion.


YOUNG CONAWAY STARGATT & TAYLOR, LLP    DEPARTMENT OF JUSTICE

/s/ Michael P. Stafford, Esquire    /s/ Mary L. Cooke, Esquire

Scott A. Holt, Esquire (No. 3399)    Mary L. Cooke, Esquire (No. 3441)
Michael P. Stafford, Esquire (No. 4461)    102 West Water Street
The Brandywine Building    Dover, DE 19901
1000 West Street, 17th Floor    Telephone: (302) 739-7641
P.O. Box 391    Mary.Cooke@state.de.us
Wilmington, Delaware 19899-0391    *Attorney for the Delaware*
Telephone: (302) 571-6623; 571-6553    *Department of Education and the*
Facsimile: (302) 576-3299; 576-3461    *Secretary of Education, Valerie A.*
Email: sholt@ycst.com; mstafford@ycst.com    *Woodruff*
*Attorneys for Plaintiff Appoquinimink Sch. Dist.*

Dated:    March 7, 2008

DB02:6583773.1    059265.1028

# EXHIBIT A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6553
DIRECT FAX: (302) 576-3470
mstafford@ycst.com

JOSEPH M BARRY
RYAN M. BARTLEY
SEAN M BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J GALLAGHER
WILLIAM E. GAMGORT
SEAN T GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER

JENNIFER M KINKUS
EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B WHITEMAN
SHARON M ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B MAXWELL, 2ND

February 20, 2008

**BY ELECTRONIC MAIL AND U.S. MAIL**

Wayne D. Steedman, Esquire
201 N. Charles Street Suite 1402
Baltimore, MD 21201

Re:    Motion for Leave to File Surreply

Dear Mr. Steedman:

On behalf of the Appoquinimink School District, I write in response to the Motion for Leave to File Surreply (hereinafter, "the Motion") which you filed yesterday, February 19, 2007, with the Court in *Board of Educ. of the Appoquinimink Sch. Dist., et al., v. S.Q.J., V, et al.*, Civil Action No. 06-770-JJF. In paragraph 4 of the Motion, you indicate that you are seeking leave to file a Surreply brief "due to misstatements of fact and law in Plaintiffs Reply Brief." The Motion provides no further explanation of what the alleged "misstatements" might be. In addition, a Certificate purporting to meet the requirements of Local Rule 7.1.1 accompanies the Motion.

On Monday, February 18, 2007, I received a telephone call from your associate, Jim Silver. In that telephone conversation, Mr. Silver indicated that you intended to file a surreply brief and asked whether I had any objections. I specifically asked Mr. Silver what the basis for your request was. In response, Mr. Silver indicated that you intended to "clarify" your arguments on the alleged state-law basis of the Hearing Panel's decision and the purported lack of federal jurisdiction. At no time in this conversation did Mr. Silver indicate that you believed Plaintiffs had made "misstatements of fact and law" in their submissions to the Court. I was, therefore, shocked to see such a serious accusation in the Motion.

DB02:6586970.1                                                                                            059265.1028

YOUNG CONAWAY ᴜ ʄARGATT & TAYLOR, LLP
Wayne D. Steedman, Esquire
February 20, 2008
Page 2

Please immediately identify the specific "misstatements of fact and law" referenced in the Motion. Otherwise, I expect that you will withdraw the Motion immediately. If you fail to adequately support the accusation you have made in paragraph 4 of the Motion, and refuse to withdraw the Motion, please be advised that we reserve the right to seek appropriate sanctions from the Court.

Furthermore, I do not believe that you have complied with the provisions of Local Rule 7.1.1, which states, in pertinent part, that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion." Here, when directly asked, Mr. Silver provided a basis for the Motion that is contrary to that provided in paragraph 4. As such, by failing to identify the basis for the Motion prior to filing, you have not engaged in the "reasonable efforts" contemplated by Rule 7.1.1. In addition, although your Certification indicates that "Counsel was unable to reach counsel for the Department by phone," in fact Ms. Mary Cooke, Esq. did not receive any voicemail messages from you on either Monday, February 18th (which was a Delaware state holiday) or Tuesday, February 19th. Nor did you attempt to reach her by electronic mail. This hardly constitutes a reasonable effort.

Finally, by copy of this letter, I am reminding Mr. Hudson of his responsibilities, as local counsel, for the statements contained in pleadings prepared by outside counsel in litigation in Delaware.

Sincerely,

Michael P. Stafford

P.:y

cc:    Mary Cooke, Esq. (by electronic mail)
       Bruce Hudson, Esq. (by electronic mail)

# EXHIBIT B

## CALLEGARY & STEEDMAN, P.A.

ELLEN A. CALLEGARY
WAYNE D. STEEDMAN

SALLY FITE STANFIELD

PARALEGALS
PAULETTE C. MATTESON
BETSY K. GAMSE

ATTORNEYS AT LAW
201 N. CHARLES STREET
SUITE 1402
Baltimore, Maryland 21201

OFFICE: 410-576-7606
FAX: 410-576-0454

www.callegarysteedman.com
E-mail:

February 21, 2008

Michael P. Stafford, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Re:    Quinton Johnson, V

Dear Mr. Stafford:

I'm writing in response to your letter today to Wayne Steedman, regarding the Local Rule 7.1.1 requirements for our Motion for Leave to File a Surreply.

In your letter, you expressed your shock at the "misstatements of fact and law" to which we referred in our Motion. You recalled our conversation on Monday, and that you had no indication from that conversation that we intended to allege any "misstatements of fact and law." However, in my recollection of our conversation, I told you that the basis of our request was our "intent to clarify the factual basis for our jurisdictional argument." I refrained from disclosing the specific argument at that time because I had not completed writing it.

The basis for our Motion is the statement in Plaintiffs' Reply Brief that "Defendants, at the time they filed their Answer, clearly understood that the Hearing Decision and Order involved an issue of federal law" (page 5). We intend to note, in our Surreply, that the statement is factually incorrect because it ignores the concurrent filing of the Johnsons' Answer and their Counterclaim against the District and the Department. We also intend to note that, whether a party admits jurisdiction at any point is irrelevant. It is up to the Court to determine whether it has jurisdiction to resolve a claim.

Additionally, you questioned whether we had met the provisions of Local Rule 7.1.1 because we failed to contact Mary Cooke before filing, and failed to leave a voicemail message for her. On Monday, I twice attempted to call Ms. Cooke – at the phone number which is listed for Ms. Cooke on filings in the Johnson case. Both times I reached a message that I had reached "the Kent County Department of Justice," notifying me that I could dial a specific extension, or leave a message at that number. I have found no information in any of our files that provided Ms. Cooke's specific phone extension. I did not leave a voicemail message on the Department

of Justice's main trunk line because of the confidential nature of the lawsuit and because I had no way of knowing how, or even if, that voicemail message would then reach Ms. Cooke. Nor did I feel that a voicemail message left on a general trunk line would provide any better basis for 7.1.1 certification that I had attempted to reach Ms. Cooke. Further, while Monday was a Delaware state holiday, the motion was to be filed on February 19, and a phone call minutes before filing, or an e-mail that would not be read until after filing, would be an elevation of form over function. We intended to communicate the difficulty I experienced in contacting Ms. Cooke – and I believe accurately conveyed my efforts to the Court – by noting in our Certification that "Counsel was unable to reach counsel for the Department by phone."

Finally, Local Rule 7.1.1 seeks "reasonable efforts to reach agreement with the opposing party." When we spoke on Monday, you noted your intent to object to our motion – an intent that was passed on to the Court. That certification, including your intent to object, certainly seems to fulfill the spirit of Local Rule 7.1.1. Since it was impossible to "reach agreement" on a motion that we sought to file and you intended to oppose, Ms. Cooke could at best agree with one side or the other, and could not achieve "agreement" with two mutually opposed positions.

I hope that this letter clarifies our concerns regarding our bases for our Motion for Leave to File a Surreply. I also believe that the entire issue may prove to be beyond the scope of the case, as Judge Farnan seemed to indicate that he intended to rule on the Motion for Summary Judgment sooner than later.

Sincerely,

James Silver

cc:     Mary Cooke
        Bruce Hudson

# EXHIBIT C

## Stafford, Michael

**From:** delaw@brucehudsonlaw.com
**Sent:** Wednesday, February 20, 2008 5:12 PM
**To:** Stafford, Michael; 'Wayne Steedman'
**Cc:** 'Cooke Mary (DOJ)'; 'Xiaojuan "Carrie" Huang'; Holt, Scott A.
**Subject:** RE: Letter Re: Motion For Leave to File Surreply

Michael,

I am responding to your reminder to me of my responsibilities as local counsel in this matter as referenced in your letter to Wayne Steedman of today. Regarding the Motion For Leave to File Surreply, please be advised that I reviewed the Motion before filing it with District Court. I specifically read the portion which stated grounds as "misstatements of fact and law" by plaintiffs but my interpretation of that statement was that statements of fact and law had been made by plaintiffs which were "erroneous" but not deliberately so. I did not sense that there was a suggestion by Mr Steedman that plaintiffs were intentionally making misstatements in their brief and hence I saw no reason that the language of the motion did not conform to local practice. However, since there is a difference of opinion as to the intent of that language my suggestion would be that it be clarified as requested in your letter.

Bruce L. Hudson

Law Office of Bruce L. Hudson

800 King Street Suite 302

Wilmington, DE 19801

Tel.: (302) 656-9850

Fax.: (302) 656 9836

Email: delaw@brucehudsonlaw.com

Website: www.brucehudsonlaw.com

---

**From:** Stafford, Michael [mailto:mstafford@ycst.com]
**Sent:** Wednesday, February 20, 2008 4:05 PM
**To:** Wayne Steedman; delaw@brucehudsonlaw.com

3/6/2008

**Cc:** Cooke Mary (DOJ); Xiaojuan "Carrie" Huang; Holt, Scott A.
**Subject:** Letter Re: Motion For Leave to File Surreply

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BAYER AG and                        )
BAYER CORPORATION,                  )
                                    )
            Plaintiffs,             )
                                    )
      v.                            ) Civil Action No. 01-148-SLR
                                    )
HOUSEY PHARMACEUTICALS, INC.,       )
                                    )
            Defendant.              )

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiffs Bayer AG and Bayer Corporation filed this action

on March 6, 2001 seeking a declaratory judgment that four patents

assigned to defendant Housey Pharmaceuticals, Inc. are invalid,

unenforceable and not infringed.  (D.I. 1)  Defendant has filed a

counterclaim of infringement.  (D.I. 5)  The court has

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1338(a) and 2201(a).  Currently before the court is defendant's

motion to exclude the opinion testimony of John T. Goolkasian.

(D.I. 215)  For the following reasons, the court shall deny

defendant's motion.

**II.  DISCUSSION**

Defendant initially asserted four arguments in its opening

brief as the basis for its motion to exclude the expert testimony

of John T. Goolkasian.  Following plaintiffs' answering brief,

defendant's reply brief concedes the arguments have been reduced

to two:  (a) Mr. Goolkasian should be precluded from testifying

regarding those topics on which he states he "may" give an

opinion in his expert report; and (b) opinions regarding pending

applications are irrelevant.

As an initial matter, the court reminds both parties that

they are required to follow Local Rule 7.1.1.[1]  The rule is not

intended to be a mere formality, but rather must be followed by

the parties in good faith.  Many of the issues raised by this

motion appear to have been initially conceded by plaintiffs'

counsel prior to defendant submitting this motion.  (D.I. 221,

Ex. B)  Defendant finally recognized several of plaintiffs'

concessions through briefing.  Local Rule 7.1.1 prevents this

occurrence.  The court will address defendant's two remaining

arguments.

A.    Mr. Goolkasian Testimony Regarding Those Topics on
      Which He States He "May" Give an Opinion in His Expert
      Report

Defendant asserts its motion based, in part, on the concern

that Mr. Goolkasian's expert report states several times that he

"may" testify on various matters.  Defendant argues this language

merely identifies possible topics for testimony without setting

---

[1]Local Rule 7.1.1 states, in relevant part, "[T]he Court
will not entertain any non-dispositive motion . . . unless
counsel for the moving party files with the Court . . . a
statement showing that the attorney making the motion has made a
reasonable effort to reach agreement with the opposing attorneys
on the matters set forth in the motion."

2

forth what the testimony may be.  Plaintiffs' brief states,
"Bayer has no intention of going beyond Mr. Goolkasian's expert
report and deposition testimony[.]"  (D.I. 221 at 10)

Based on plaintiffs' concession, the court finds no basis to
consider the motion at this time.  Certainly, the court will not
permit Mr. Goolkasian to testify beyond the scope of his expert
report.  See Fed. R. Civ. P. 26(a)(2)(B) ("The report shall
contain a complete statement of all opinions to be expressed and
the basis and reasons therefor[.]"); see also Guidelines:  Legal
Expert Testimony in Patent Cases, at
http://www.ded.uscourts.gov/SLRmain.htm  (outlining this court's
guidelines regarding admissible expert testimony in a patent
case).

B.    **Relevancy of Opinions Regarding Pending Applications**

Defendant's other remaining concern is that Mr. Goolkasian
intends to opine on the prosecution history of pending patent
applications.  Defendant argues this testimony is not relevant to
the case at bar as these patents have not been asserted.
Plaintiffs argue portions of the prosecution history of these
pending applications are relevant to the invalidity and
inequitable conduct charges.

The court finds that arguments based on the relevance of a
portion of an expert's testimony are not an appropriate basis for
a motion to exclude the expert's testimony in its entirety.

3

Arguments pertaining to the relevancy of a portion of Mr. Goolkasian's testimony are more appropriately raised as a motion in limine. Further, the court notes that because the inequitable conduct portion of the case will be tried before the court, the court will consider the admissibility of any expert testimony regarding inequitable conduct during the trial.

**III. CONCLUSION**

At Wilmington this 22nd day of October, 2002, having reviewed defendant's motion to exclude the opinion testimony of John T. Goolkasian and the papers submitted in connection therewith;

IT IS ORDERED that defendant's motion to exclude the opinion testimony of John T. Goolkasian (D.I. 215) is denied.

Sue L. Robinson
United States District Judge