IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, et al., <br>   Plaintiffs <br> v. <br> S Q J, V et al., <br>   Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 06-770-JJF <br> * <br> * <br> * <br> * |

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STAY PENDING APPEAL

Bruce L. Hudson, Esq.,
Delaware Bar No. 1003
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Wayne D. Steedman,
Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Suite 1402
Baltimore, Maryland 21201
410-576-7606

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS........................................................1

SUMMARY OF THE ARGUMENT.............................................................................2

STATEMENT OF FACTS...............................................................................................2

ARGUMENT....................................................................................................................3

I.  THE BOARD REMAINS RESPONSIBLE FOR PROVIDING AN ASL
    INTERPRETER FOR SQJV UNDER THE TERMS OF STAY-PUT
    PLACEMENT.......................................................................................................3

II. LEGISLATIVE DETERMINATION OF STAY-PUT PLACEMENT
    PREEMPTS APPLICATION OF TRADITIONAL STAY ANALYSIS................6

CONCLUSION.................................................................................................................7

## TABLE OF AUTHORITIES

### Cases

Sch. Comm. of Burlington v. Dept. of Educ.,
471 U.S. 359 (1985)..................................................................................................4

Pardini v. Allegheny Intermediate Unit,
420 F.3d 181 (3d. Cir. 2005).....................................................................................6

Susquenita Sch. Dist. v. Raelee S.,
96 F.2d 78 (3d Cir. 1996)..........................................................................................4

Drinker v. Colonial Sch. Dist.,
78 F.3d 859 (3d. Cir. 1996).......................................................................................6

C.A. v. Christina Sch. Dist.,
19 Indiv. Disabilities Educ. L. Rep. 313 (D.Del. 1992)............................................6

Tootsie Roll Indus. v. Sathers, Inc.
666 F.Supp. 655 (D. Del. 1987).................................................................................6

### Statutes

20 U.S.C. § 1415....................................................................................................3, 5

34 C.F.R. § 300.518........................................................................................3, 4, 5, 6

14 Del. Admin. C. § 925.27.1.8...............................................................................5, 6

14 Del. Admin. C. § 926.18.1......................................................................................3

14 Del. Admin. C. § 926.18.4............................................................................3, 5, 6

NATURE AND STAGE OF THE PROCEEDINGS

On September 20, 2006, a Due Process Hearing Panel (hereinafter, "The Panel") found in favor of Julie and Samuel Quinton Johnson IV, parents of SQJ, V (hereinafter "parents"), in their claim against the Board of Education of Appoquinimink School District (hereinafter, "the Board"). The Panel found that the Board had not provided a non-discriminatory reason why it would not provide funding for an interpreter for SQJV. The Panel granted the Parents' requested remedy of public funding for a one-to-one sign language interpreter at SQJV's private placement.

On December 18, 2006, the Board, joined by the Delaware Department of Education (hereinafter, "the Department"), filed a Complaint with this Court seeking partial appeal of the Panel's determinations to this Court as "parties aggrieved" pursuant to 20 U.S.C. § 1415(i). On January 24, 2007, the Defendants filed an Answer to that complaint. The Defendants also filed a counterclaim alleging violations of 42 U.S.C. § 1983, 29 U.S.C. § 794, the Americans with Disabilities Act, and the IDEA. On November 19, 2007, the Defendants dismissed their counterclaim via joint stipulation. On December 10, 2007, the Board and the District filed a joint Motion for Summary Judgment. On January 30, 2008, the parents filed an Answering Brief to that motion. On February 14, 2008, the Board and the District filed a joint Reply Brief. The parties appeared before this Court in a conference on that same day.

On April 15, 2008, this Court issued Judgment granting the Motion for Summary Judgment in favor of the Board. This Court issued on that same day a Memorandum Opinion consonant with that Judgment; and issued an Order enacting that Judgment, but also granting the parents' motion to dismiss the Department from this matter.

1

On May 14, 2008, the parents timely filed a Notice of Appeal and filing fees with this Court. Subsequent to that filing, the parents now ask this Court to stay its judgment of April 15, 2007, pending resolution of the appeal.

## SUMMARY OF THE ARGUMENT

The Defendants are entitled to a stay as a matter of law. The Individuals with Disabilities Education Act (hereinafter, "IDEA") and previous decisions by the U.S. Court of Appeals for the Third Circuit require that a school district, on the request of parents, maintain a child in the "then-current educational placement" during the course of any administrative and judicial proceedings contesting that placement. The effect of this rule is to displace the traditional analysis governing stays in non-IDEA disputes.

## STATEMENT OF FACTS

SQJV was born on April 7, 1995. He was diagnosed as profoundly deaf when he was one year old, and attended the Delaware School for the Deaf (hereinafter, "DSD") on from June 10, 1996, through the 2005-2006 school year, at which point he had completed the fifth grade. Following that school year, SQJV's parents engaged in discussions with employees and representatives of the Board regarding their son's educational placement. Board representatives asserted that students entering the local school district at the middle school or high school level are generally placed in general education classes. In an IEP meeting, the parents requested that SQJV be funded, by the Board, in a general education placement at St. Anne's Episcopal School (hereinafter, "St. Anne's"), a private parochial school, with Board funding for an American Sign Language (hereinafter, "ASL") interpreter. Board representatives told the parents that the Board would only provide an ASL interpreter if SQJV were enrolled in a public school.

On April 11, 2006, the parents filed a request for Due Process Hearing, asserting that SQJV's most recent IEP requires that SQJV be placed in a small class at or above his academic ability. The Parents alleged that the public school placement options offered by the Board were inappropriate because they offered either general education classes that were too large, or small classes with students working below SQJV's grade level. On September 20, 2006, the Panel issued a decision denying the Parents request for public funding for SQJV's tuition at St. Anne's; but finding that, pursuant to Delaware state law, the Board had failed to demonstrate appropriate discretion in refusing to fund a one-to-one ASL interpreter for SQJV while enrolled at St. Anne's. The Panel therefore ordered the Board to fund the interpreter. Throughout the process of appealing the Panel's decision, the Board continued to provide funding for SQJV's ASL interpreter at St. Anne's, as ordered by the Panel.

## ARGUMENT

**I.   The Board Remains Responsible For Providing An ASL Interpreter For SQJV Under The Terms Of Stay-Put Placement.**

20 U.S.C. § 1415(j) provides that "during the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the then-current educational placement of the child . . . until all such proceedings have been completed."

Federal regulations clarify that the so-called "stay-put" placement provided in 1415(j) applies "during the pendency of [both] administrative [and] judicial proceedings regarding a due process complaint notice." See 34 C.F.R. § 300.518(a); see also 14 Del Admin. C. § 926.18.1. Further, the regulations provide that, if a state hearing panel "in an administrative appeal agrees with the child's parents that a change of placement is appropriate," the panel's ordered new placement becomes the student's "current

3

educational placement." See 34 C.F.R. § 300.518(d); see also 14 Del. Admin. C. § 926.18.4.

The U.S. Court of Appeal for the Third Circuit clarified how the statute and regulations govern "stay-put" during an appeal from a hearing panel's decision in Susquenita Sch. Dist. v. Raelee S. 96 F.2d 78 (1996). In that instance, the parents disagreed with a school system's proposed placement for their daughter, and unilaterally removed her to a private placement. See id. at 79. Parents did not dispute that "the public school would have been the appropriate pendent placement" at the time that they removed her to a private school. See id. at 83. They appealed an adverse decision by an administrative hearing office to a state hearing panel, and the hearing panel agreed with parents that the school system's proposed IEP was inadequate, and that the private school was the appropriate placement for Raelee. See id. at 79-80. The parents argued that the panel's determination shifted the student's current placement, and that the district was financially responsible for maintaining the panel's ordered placement during the pendency of any appeals from the administrative decision. See id. at 83. The Third Circuit agreed with the parents' position. See id.

The Court noted the reasoning of the United States Supreme Court in Burlington Sch. Comm. v. Dept. of Edu. In Burlington, the Court noted that the "stay-put" provision in 20 U.S.C. § 1415 requires that the student remain in his or her current educational placement unless the educational agency and parents reach agreement to place the child elsewhere. See 471 U. S. 359, 372 (1984). The Court found that the administrative decision served as an "agreement by the [educational agency] to the change of placement." See id. Indeed, such an understanding is now explicitly reflected in the

4

language of 34 C.F.R. § 300.518(d), which provides that a change in placement by an administrative adjudicator "must be treated as an agreement between the State and the parents" for stay-put purposes.[1] In fact, the Board has tacitly acknowledged and respected the requirements of "stay-put" placement by providing funding for SQJV's ASL interpreter at St. Anne's throughout the process of appealing the Panel decision to this Court.

In this instance, the parents were dissatisfied with the Board's suggested placement for SQJV, and placed him in a parochial school. They sought special education services from the panel in the form of an ASL interpreter for SQJV in his private placement. The Panel awarded those services to the parents, while denying the parents' request for tuition reimbursement. Delaware state regulations define many possible placements for students with disabilities, including:

> "[c]hildren enrolled by their parents . . . in regular parochial . . . schools and whose basic education is paid through private resources and who receive special education and related services at public expense from the local education agency[.]"

See 14 Del. Admin. C. § 925.27.1.8 (emphasis added}. Thus, as of the date of the Panel's Decision, SQJV's placement became a "parentally placed private school," in which services were provided by the Board.

The Board's appeal of the Panel decision was brought before this Court "pursuant to" 20 U.S.C. § 1415. Thus, by the plain terms of 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518, the Supreme Court's decision in Burlington, and the Third Circuit's decision in

---

[1] However, neither 34 C.F.R. § 300.518 nor 14 Del. Admin. C. § 926.18.4 extend similar treatment to a decision by a federal court. Those regulations provide only for a change in a student's current educational placement if "the hearing officer" – or in the Delaware regulation, "the hearing panel" – "in a due process hearing" finds in favor of parents' requested placement (emphasis added). Thus, this Court's Judgment of April 15, 2008, has not overturned SQJV's current educational placement.

5

Susquenita, the Board remains responsible for the provision of SQJV's interpreter until such time as the parents' appeal has been resolved by decision of the Third Circuit.

### II. Legislative Determination of Stay-Put Placement Preempts Application of Traditional Stay Analysis

In non-IDEA cases, a movant for a stay must satisfy the traditional four-factor test for injunctive relief, showing (1) the likelihood of success on appeal; (2) irreparable injury to the movant in the absence of a stay; (3) no substantial harm to the opposing party if a stay is issued; and (4) that a stay is in the public interest.  See,e.g., Tootsie Roll Indus. v. Sathers, Inc., 666 F. Supp. 655 (D. Del. 1987).

However, the Third Circuit has repeatedly held that such analysis does not apply in IDEA cases, when parents seek to enforce IDEA's "stay-put" rule.  See Pardini v. Allegheny Intermediate Unit, 420 F.3d 181, 188 (3d. Cir. 2005); see also Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 (3d Cir. 1996); see also C.A. v. Christina Sch. Dist., 19 Indiv. Disabilities Educ. L. Rep. (LRP Publications) 313 (D. Del. 1992).

In Pardini, the court noted the judicial balancing required by the four-factor test, but held that with the stay-put rule, "Congress has already balanced the competing harms as well as the competing equities."  See 420 F.3d at 188.  In Drinker, the court more explicitly stated that the application of stay-put placement preempts consideration of the traditional test.  "Once a court ascertains the student's current educational placement, the movants are entitled to an order without satisfaction of the usual prerequisites to injunctive relief."  See Drinker, 78 F.3d at 864-865 (emphasis added).  In a motion for stay pursuant to 20 U.S.C. § 1415(j), the court in Drinker held, the only relevant remaining inquiry is the identification of a student's "current educational placement."  See id. at 865.

As noted above, under 34 C.F.R. § 300.518(d) and 14 Del. Admin. C. § 926.18.4, SQJV's current educational placement is the placement as determined by the Panel: a "parentally placed private school" as defined by 14 Del. Admin. C. § 925.27.1.8. Therefore, until the parents' appeal has been resolved by the United States Court of Appeals for the Third Circuit, SQJV should by law be maintained in that placement at the expense of the Board.

## CONCLUSION

WHEREFORE, for the reasons set forth in this brief the Defendants respectfully request that, pending resolution of the parents' appeal to the U.S. Court of Appeals for the Third Circuit, the Honorable Court issue a stay of its Judgment, entered April 15, 2008.

RESPECTFULLY SUBMITTED,

 /s/ Wayne D. Steedman
Wayne D. Steedman, Esq.
Federal Bar No. 9474
Callegary & Steedman, P.A.
201 N. Charles St., Suite 1402
Baltimore, MD 21201
(410) 576-7606
wayne@callegarysteedman.com
Attorney for Plaintiffs

 /s/ Bruce L. Hudson
Bruce L. Hudson, Esq.
Delaware Bar No. 1003
Law Office of Bruce L. Hudson
800 N. King St., Suite 302
Wilmington, DE 19801
(302) 656-9850
delaw@brucehudsonlaw.com
Attorney for Plaintiffs

8

## CERTIFICATION

I hereby certify that a copy of the foregoing, including all attachments, was filed this 19th day of May, 2008, and was served electronically on the parties.

/s/ Wayne Steedman
Attorney for Plaintiff