IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BOARD OF EDUCATION OF THE APPOQUINIMINK SCHOOL DISTRICT, et al., | : : : : | |
| Plaintiffs, | : : | C.A. No. 06-770-JJF |
| v. | : : | |
| MR. & MRS. SQJ, IV, parents of SQJ, V, | : : : | |
| Defendants. | : : | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO STAY PENDING APPEAL**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (I.D. # 3399)
Michael P. Stafford, Esquire  (I.D. # 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623; (302) 571-6553
Facsimile: (302) 576-3299; (302) 576-3461
Email: sholt@ycst.com; mstafford@ycst.com
Attorneys for the Board of Education of
the Appoquinimink School District

Dated:  June 6, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT .................................................................................................................... 4

    I.    DEFENDANTS ARE NOT ENTITLED TO A STAY UNDER SECTION 1415(J)'S "STAY-PUT" PROVISION. ............................................. 4

        A.    St. Anne's Episcopal School is not Quinton's educational placement under the IDEA. ................................................................. 4

        B.    The IDEA Does Not Require a Stay of a District Court's Judgment Pending Disposition of a Subsequent Appeal. .......................... 6

    II.    DEFENDANTS CANNOT SATISFY THE FOUR PREREQUISITES FOR OBTAINING INJUNCTIVE RELIEF. .......................... 9

CONCLUSION ............................................................................................................... 12

## TABLE OF CITATIONS

**Page**

**Cases**

*Andersen v. District of Columbia*,
  877 F.2d 1018 (D.C. Cir. 1989) ....................................................................................... 7

*Burlington v. Dept. of Educ.*,
  471 U.S. 359 (1985) ...................................................................................................... 10

*Clovis Unified School Dist. v. California Office of Administrative Hearings*,
  903 F.2d 635 (9th Cir. 1990) ......................................................................................... 11

*Drinker v. Colonial Sch. Dist.*,
  78 F.3d 859 (3d Cir. 1996) .............................................................................................. 6

*Greenwich Bd. of Educ. v. Torok ex rel. J.*,
  C. A. No. 3:03-cv-1407 (JCH), 2003 U.S. Dist. LEXIS 18985 (D. Conn. Oct. 22, 2003) ...... 11

*Henry v. School Admin. Unit 29*,
  70 F. Supp. 2d 52 (D.N.H. 1999) .................................................................................. 11

*Kari H. v. Franklin Special Sch. Dist.*,
  Case Nos. 96-5066/96-5178, 1997 U.S. App. LEXIS 21724 (6th Cir. 1997) ............... 6, 7

*Manchester Sch. Dist. v. Williamson*,
  17 IDELR 1 (D.N.H. March 27, 1990) ............................................................................ 7

*Michael C. ex rel. Stephen C. v. Radnor Twp. Sch. Dist.*,
  202 F.3d 642 (3d Cir. 2000) ............................................................................................ 6

*Smith v. Roher*,
  C. A. No. 89-3258, 1991 U.S. Dist. LEXIS 9424 (D.D.C. July 10, 1991) ..................... 6

*Susquenita Sch. Dist. v. Raelee*,
  96 F.3d 78 (3d Cir. 1996) ..................................................................................... 5, 8, 11

*Tootsie Roll Indus. v. Sathers, Inc.*,
  666 F. Supp. (D. Del. 1987) ............................................................................................ 9

**Other Authorities**

14 DE Admin Code §§ 923.30 through 47.0 ................................................................. 4, 5

20 U.S.C. § 1412 (a)(10)(A) ........................................................................................... 4

20 U.S.C. § 1415(b) ....................................................................................................... 7

20 U.S.C. § 1415(c) ....................................................................................................... 7

20 U.S.C. § 1415(e) ....................................................................................................... 7

20 U.S.C. § 1415(j) ................................................................................................. passim

Fed. R. Civ. P. 62(d) and (f) ..................................................................................... 8, 10

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff, the Board of Education of the Appoquinimink School District, brought a civil action against Defendants on December 10, 2006, requesting judicial review of an administrative hearing decision pursuant to 20 U.S.C. § 1415(i)(2)-(3).  (D.I. 2).

On December 10, 2007, Plaintiff filed its Motion for Summary Judgment.  (D.I. 30).  By Memorandum Opinion dated April 15, 2008, this Court granted Plaintiff's Motion for Summary Judgment  (D.I. 46), and judgment was entered against Defendants.  (D.I. 48).

On May 14, 2008, Defendants filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit.  (D.I. 49).  Subsequently, Defendants filed a Motion to Stay Pending Appeal and Memorandum in Support thereof on May 19, 2008.  (D.I. 51; D.I. 53).

This is Plaintiff's Answering Brief in Opposition to Defendants' Motion to Stay Pending Appeal.

## STATEMENT OF FACTS

Plaintiff hereby incorporates by reference the entirety of the Statement of Facts contained within its Opening and Reply Briefs in Support of its Motion for Summary Judgment. (D.I. 31; D.I. 43).

## SUMMARY OF ARGUMENT

1. Contrary to Defendants' representations, the Individuals with Disabilities Education Act's (hereinafter, "the IDEA") "stay-put" provision contained in 20 U.S.C. § 1415(j) is inapplicable to the instant matter because St. Anne's Episcopal School does not constitute Quinton's current educational placement. Alternatively, even if this Court determines that St. Anne's Episcopal School is Quinton's current educational placement under the IDEA, "stay-put" does not mandate a stay of this Court's judgment pending disposition of the Defendants' appeal because it applies only through initial judicial review of an administrative order.

2. Because 20 U.S.C. § 1415(j) is inapplicable, the Defendants must satisfy the traditional prerequisites for injunctive relief in order to obtain a stay. Defendants have not argued, in their Opening Brief, that they are entitled to a stay under the traditional test for injunctive relief. As such, they have waived this argument. That said, however, Plaintiff respectfully submits that Defendants are not entitled to a stay because they are unlikely to succeed on appeal, will not suffer irreparable injury in the absence of a stay, and because a stay is not in the public interest. Moreover, in contrast to Defendants, Plaintiff will suffer irreparable injury if a stay is issued by this Court.

# ARGUMENT

I. **DEFENDANTS ARE NOT ENTITLED TO A STAY UNDER SECTION 1415(J)'S "STAY-PUT" PROVISION.**

   A. **St. Anne's Episcopal School is not Quinton's educational placement under the IDEA.**

In their Opening Brief, Defendants argue that this Court's decision altered Quinton's educational placement, which they contend was St. Anne's Episcopal School. In support of this argument, Defendants maintain that St. Anne's Episcopal School constituted Quinton's current educational placement, as that term is used in 20 U.S.C. § 1415(j), pursuant to the Hearing Panel's decision. (OB at 4-5).

Defendants' argument is in error. Here, the Hearing Panel specifically rejected the parents' contention that Quinton required a private placement, at public expense, at St. Anne's Episcopal School in order to receive a free appropriate public education (hereinafter, "FAPE"). Instead, Quinton attended St. Anne's as a parentally-placed private school student at his parents' choice. (D.I. 9, ¶15; D.I. 11, ¶15; D.I. 26, Part IX, p. 26). By definition, the parents' elective choice for their child to attend a private school as a parentally-placed private school student is not done with the agreement of the State, and, in such circumstances, the private school cannot be said to be the student's then-current educational placement. *See e.g.* 20 U.S.C. § 1412 (a)(10)(A); 34 C.F.R. §§ 300.130-300.144[1]; s*ee also,* 14 DE Admin Code §§ 923.30 through 47.0.[2] Adopting such a view would obliterate the distinction drawn under the IDEA between

---

[1] The former 1999 regulations covering the provision of special education and related services to parentally-placed private school students were located at 34 C.F.R. §§ 300.145-300.462 (1999).
[2] The differences between the broad statutory entitlements under the IDEA (and State law) to students with disabilities in the public schools and the more limited set of responsibilities for providing services to parentally-placed private school students were discussed at length in Plaintiffs' Opening and Reply Briefs in Support of their Motion for Summary Judgment.

4

students with disabilities who attend private school at public expense in order to receive FAPE and those, such as Quinton, who attend private school at their parents' choice despite the fact that a FAPE is available to them in the public schools. Moreover, given that the Hearing Panel rejected the parent's argument that Quinton required a publicly-funded private placement in order to receive a FAPE, and specifically found that a FAPE was available to him within the District, it does not constitute the agreement of the State to Quinton's private placement, and is thus readily distinguishable from *Susquenita Sch. Dist. v. Raelee*, 96 F.3d 78 (3d Cir. 1996).

In support of their argument that St. Anne's Episcopal School constitutes Quinton's current educational placement, Defendants point to 14 Del. Admin. C. § 925.27.1.8. This reliance is misplaced. Section 925.27.1.8 must be read, and interpreted, in conjunction with Sections 923.30 through 47.0, as well as with the definition of "services plan" contained in Section 922.3.0. It must also be read in accord with Section 923.48, which applies to students who are parentally-placed in private schools when FAPE is at issue. When the Delaware regulations are read as a whole, it is clear that parentally-placed private school students, such as Quinton, who attend private schools at the choice of their parents despite the fact that a FAPE is available to them within the public school system, do not attend those private schools with the agreement of the State. As such, St. Anne's Episcopal School is *not* Quinton's "stay-put" placement. In addition, the cessation of public funding for the ASL interpreter does not change Quinton's placement as he can continue to attend St. Anne's Episcopal School as a parentally-placed private school student.

Moreover, it is not the case the Defendants "tacitly acknowledged and respected the requirements of 'stay-put' placement by providing funding for Quinton's ASL interpreter" during the present action in this Court. Instead, Defendants merely complied with the Hearing Panel's

5

Order until that Order was reviewed, and reversed, by this Court. Defendants' compliance with the Hearing Panel's decision during the pendency of this case does not constitute an acceptance, tacit or otherwise, of Defendants' position.

**B.   The IDEA Does Not Require a Stay of a District Court's Judgment Pending Disposition of a Subsequent Appeal.**

Alternatively, even if St. Anne's Episcopal School constitutes Quinton's "current educational placement" under 20 U.S.C. § 1415(j), Defendants are not entitled to a stay of this Court's judgment in the instant matter because the IDEA's "stay-put" provision applies only through initial review of an administrative order by a federal district or state court. Contrary to Defendants' assertion, the "stay-put" provisions of the IDEA do not require a "stay" of a judgment entered by a federal district court pending the disposition of an appeal to a federal circuit court of appeals.

The applicable statutory provision, 20 U.S.C. § 1415(j),[3] states that a "stay-put" injunction must be granted during "the pendency of any proceedings conducted *pursuant to this section*." (emphasis added). The words "pursuant to this section" are not superfluous. Although the Third Circuit does not appear to have directly addressed this issue,[4] both the Sixth Circuit

---

[3] 34 C.F.R. § 300.518(a), cited by Defendants in support of their Motion, essentially recapitulates 20 U.S.C. § 1415(j)'s language and must be read, and interpreted, in conformity with that Section. Also, current 34 C.F.R. § 300.518(a) is identical to the prior regulation, former 34 C.F.R. § 300.518.

[4] Although the Third Circuit has not directly addressed the issue, it has cited, with approval, both *Kari H. v. Franklin Special Sch. Dist.*, 1997 U.S. App. LEXIS 21724 (6th Cir. 1997), and *Smith v. Roher*, C. A. No. 89-3258, 1991 U.S. Dist. LEXIS 9424 (D.D.C. July 10, 1991), which held that the IDEA's stay-put provision applies only through district court level. *See Michael C. ex rel. Stephen C. v. Radnor Twp. Sch. Dist.*, 202 F.3d 642, 654 n.12 (3d Cir. 2000). In addition, in *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 868 n.16 (3d Cir. 1996), the Third Circuit affirmed "without deciding the matter" the district court's decision that the public school district was only required to maintain the student's current educational placement through the level of district court review.

and the District of Columbia Circuit have held that public school districts are not obligated to continue funding services past the federal district court level if further judicial appeals occur after that point. *Andersen v. District of Columbia*, 877 F.2d 1018 (D.C. Cir. 1989); *Kari H. v. Franklin Special Sch. Dist.*, Case Nos. 96-5066/96-5178, 1997 U.S. App. LEXIS 21724 (6th Cir. 1997); *see also*, *Manchester Sch. Dist. v. Williamson*, 17 IDELR 1, 5 (D.N.H. March 27, 1990) ("stay-put" provision does not apply to appeals beyond the district court level).

As interpreted by both the Sixth Circuit Court of Appeals and the D.C. Circuit, a "proceeding conducted pursuant to this section" means: (1) an administrative due proces hearing (Section 1415(b)); (2) second-tier state administrative review of an administrative due process decision (Section 1415(c)); and (3) an appeal to either a state court or federal district court (Section 1415(e)). *Anderson*, 877 F.2d at 1023-24; *Kari H.*, 1997 U.S. App. LEXIS 21724 at *17-19. Further judicial appeals are not, therefore, proceedings conducted pursuant to Section 1415.

Both the Sixth Circuit and the D.C. Circuit have held that the language of the IDEA suggests that Congress intended the "stay-put" provisions to apply only through initial review of an administrative order by a federal district or state court. *Kari H.*, 1997 U.S. App. LEXIS 21724 at *18; *Andersen*, 877 F.2d at 1023. As the Sixth Circuit rightly concluded in *Kari H.*, "[if] Congress wanted the provision [i.e. Section 1415(j)] to apply during appeals to the circuit courts, it certainly could have said so." 1997 U.S. App. LEXIS 21724 at *18; *Andersen*, 877 F.3d at 1024 ("Once a district court has rendered its decision approving a change in placement, that change is no longer the consequence of a unilateral decision by the school authorities; the issuance of an automatic injunction perpetuating the prior placement would not serve the section's purpose."). As written, the plain language of the IDEA clearly limits the availability of

7

an automatic "stay-put" injunction to review at the trial court level; beyond that, the party seeking a stay must satisfy the more stringent requirements of a general preliminary injunction. Significantly, Congress did not alter the language of Section 1415(j) during the 2004 reauthorization of the IDEA, and judicial decisions reached prior to the reauthorization such as *Kari H.* and *Anderson* therefore remain persuasive authority on this issue.

Practical considerations also weigh in favor of the interpretation of Section 1415(j) adopted by the *Kari H.* and *Anderson* courts. If "stay-put" applied until all appellate litigation was completed, a parent challenging a district court's decision could, theoretically, perpetuate a publicly-funded placement by pursuing appeals and reconsiderations indefinitely, thus thwarting the authority of the court.

Defendants' reliance on *Susquenita Sch. Dist. v. Raelee*, 96 F.3d 78 (3d Cir. 1996) is misplaced as the case is not on point and does not address the applicability of Section 1415(j)'s "stay put" rule to judicial appeals beyond the federal district court level. Significantly, in *Susquenita*, it was the public school district that sought, through an interlocutory appeal, to reverse a decision denying its Motion for Stay Pending Appeal by the United States District Court for the Middle District of Pennsylvania. *Id.* at 79.[5] It is important to note, however, that the "appeal" referenced in the *Susquenita* case refers to the district court litigation itself (which is, in essence, an appeal from a state administrative decision), and not to an appeal of a district court judgment to a federal appellate court. *Id.* Crucially, the District Court had not yet ruled on

---

[5] By way of further background, the state administrative proceedings at issue in the *Susquenita* case had resulted in an adverse ruling to the public school district, which had been ordered to fund the parents' preferred private school placement. 96 F.3d at 80. The public school district appealed the adverse decision and "filed a contemporaneous motion for stay pending appeal" pursuant to Fed. R. Civ. P. 62(d) and (f). *Id.* The District Court denied the motion, and the public school district appealed to the Third Circuit. *Id.* at 80-81.

8

the merits of the public school district's appeal at the time it denied the district's Motion to Stay Pending Appeal.

In evaluating the merits of the public school district's argument that it was entitled to a stay of the administrative decision pending a final ruling by the District Court, the Third Circuit found it "critical" that the administrative decision specifically stated that "'unless this order is overturned in a Commonwealth *or federal district court*, the private school placement shall be the pendant placement in any future disputes between the parent and the District.'" *Id.* at 80, 86 n.9 (emphasis added). The *Susquenita* court did not address whether a stay under Section 1415(j) would be appropriate following a judgment on the merits at the district court level during the pendency of a subsequent appeal.

For all the forgoing reasons, Defendants are not entitled to an automatic injunction under Section 1415(j), and they must instead satisfy the traditional elements to obtain injunctive relief, as discussed more fully below.

## II.     DEFENDANTS CANNOT SATISFY THE FOUR PREREQUISITES FOR OBTAINING INJUNCTIVE RELIEF.

As discussed above, Defendants' argument that the IDEA's "stay put" rule applies in this case, and mandates a stay of this Court's judgment in the instant matter, is erroneous. As such, Defendants must satisfy the traditional four-factor test for obtaining injunctive relief in order to obtain a stay of this Court's judgment. Specifically, Defendants must demonstrate (1) the likelihood of success on appeal; (2) irreparable injury to them in the absence of a stay; (3) no substantial harm to the opposing party if a stay is issued; and (4) that a stay is in the public interest. *See e.g. Tootsie Roll Indus. v. Sathers, Inc.*, 666 F. Supp. (D. Del. 1987). Plaintiff respectfully submits that they cannot meet this rigorous standard.

9

Defendants make no attempt whatsoever in their Opening Brief to argue in favor of their entitlement to a stay under the traditional four-factor test for injunctive relief, and instead argue merely that the traditional four-factor test is inapplicable to enforcement of the IDEA's "stay-put" rule. By so doing, Defendants have implicitly conceded that they are not entitled to a stay of this Court's judgment under the traditional four-factor test for injunctive relief.[6] Out of an abundance of caution, however, Plaintiff will briefly address the applicability of the traditional four-factor injunctive relief test to the instant matter.

First, and most importantly, Defendants are not likely to succeed on appeal. The legal issues involved in the instant matter have been addressed at length in the previous briefing by the parties and will not be repeated here. At this juncture, it is sufficient to note that Defendants' argument that this Court lacked jurisdiction to decide the case because the decision of the administrative Hearing Panel was based solely on an interpretation of Delaware state law is erroneous and does not comport with the actual language of the Hearing Panel decision and order.

Second, Defendants will not suffer an irreparable injury in the absence of a stay. Under the IDEA, Defendants will be able to recover reimbursement for any interpreter costs if they are ultimately successful on appeal. *See e.g. Burlington v. Dept. of Educ.*, 471 U.S. 359 (1985) (availability of retroactive relief under IDEA).

Third, Plaintiff will suffer substantial injury if a stay is issued. Simply put, it is unlikely that the District would be able to recover any funds expended on the ASL interpreter during the appeals process in the event the that Third Circuit affirms the decision of this Court, because public school districts are likely barred from recovering funds, from parents, expended on private

---

[6] Defendants have also failed to file a supersedeas bond pursuant to Fed. R. Civ. P. 62(d).

10

school tuition and/or related services. Although neither the United States Supreme Court nor the Third Circuit has ruled on this issue, the courts that have directly considered it have denied requests by public school districts to recoup funds expended on private school tuition and/or related services. *See e.g.*, *Clovis Unified School Dist. v. California Office of Administrative Hearings*, 903 F.2d 635 (9th Cir. 1990); *Greenwich Bd. of Educ. v. Torok ex rel. J.*, C. A. No. 3:03-cv-1407 (JCH), 2003 U.S. Dist. LEXIS 18985 (D. Conn. Oct. 22, 2003); *Henry v. School Admin. Unit 29*, 70 F. Supp. 2d 52 (D.N.H. 1999).

Fourth, the public interest in this case weighs heavily against the issuance of a stay. As discussed at great length in Plaintiff's briefing, the clear statutory language of the IDEA (and Delaware state law) sets up a scheme for the funding, and the provision of, services to identified students with disabilities who attend private schools at their parents' choice. The Panel Decision subverts that statutory scheme and, potentially, subjects public school districts to a wide range of liability for the provision of related services to parentally-placed private school students. Moreover, the Hearing Panel specifically found that a free appropriate public education *was available* within the District, and that the student attended St. Anne's Episcopal School at his parents' election. Thus, a cessation of public funding for the ASL interpreter will not deprive the student of a FAPE, because no authority has held that he requires a placement at St. Anne's Episcopal School. As such, in this instance, the purpose of the IDEA, namely, "to ensure that every child receive a 'free and appropriate education,'" *Susquenita*, 96 F.3d at 86-87, would not be advanced by a stay of this Court's judgment pending resolution of the Defendants' appeal.

11

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Stay Pending Appeal be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael P. Stafford*
Scott A. Holt, Esquire (I.D. # 3399)
Michael P. Stafford, Esquire  (I.D. # 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623; (302) 571-6553
Facsimile: (302) 576-3299; (302) 576-3461
Email: sholt@ycst.com; mstafford@ycst.com
Attorneys for the Board of Education of
The Appoquinimink School District

Dated:  June 6, 2008