IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOARD OF EDUCATION OF THE  
APPOQUINIMINK SCHOOL DISTRICT,  
et al.,  
        Plaintiffs

v.   Civil Action No. 06-770-JJF

S Q J, V  
et al.,  
        Defendants

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING APPEAL**

Bruce L. Hudson, Esq.,
Delaware Bar No. 1003
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Wayne D. Steedman,
Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Suite 1402
Baltimore, Maryland 21201
410-576-7606

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT..................................................................................1

ARGUMENT......................................................................................................................2

I.   SQJV'S EDUCATIONAL PLACEMENT IS A PUBLICLY FUNDED ASL
     INTERPRETER AT THE PARENT-FUNDED PAROCHIAL SCHOOL..............2

II.  STAY-PUT PLACEMENT APPLIES THROUGHOUT JUDICIAL
     PROCEEDINGS......................................................................................................6

III. DEFENDANTS DO NOT NEED TO SATISFY PREREQUISITES FOR
     INJUNCTIVE RELIEF............................................................................................8

CONCLUSION....................................................................................................................8

i

# TABLE OF AUTHORITIES

## Cases

Pardini v. Allegheny Intermediate Unit,
420 F.3d 181 (3d. Cir. 2005)..........................................................................................3, 5, 8

Susquenita Sch. Dist. v. Raelee S.,
96 F.2d 78 (3d Cir. 1996).....................................................................................................6, 7

Drinker v. Colonial Sch. Dist.,
78 F.3d 859 (3d. Cir. 1996)................................................................................................5, 7, 8

Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.,
103 F.3d 545 (7th Cir. 1996)..................................................................................................2

Zvi D. v. Ambach,
694 F.2d 904 (2d Cir. 1982)...................................................................................................7

W.E.B. v. Appoquinimink Sch. Dist.
38 Indiv. Disabilities Educ. L. Rep. 9 (D.Del. 2002)...........................................................3

C.A. v. Christina Sch. Dist.,
19 Indiv. Disabilities Educ. L. Rep. 313 (D.Del. 1992).......................................................8

## Statutes

20 U.S.C. § 1415.................................................................................................................1, 2, 6

20 U.S.C. § 1436........................................................................................................................3

14 Del. Admin. C. § 925.27.1.8..............................................................................................4, 5

## SUMMARY OF THE ARGUMENT

1.  Plaintiff represents to this Court that "stay-put" placement as provided by 20 U.S.C. § 1415(j) does not apply to the instant matter because St. Anne's Episcopal School is not Quinton's "current educational placement." However, Delaware educational regulations specifically provide for an educational placement at a private school, not paid by public resources, but supplemented by publicly funded special education services. The legal definition of a "placement" clarifies that the "stay-put" provisions of Section 1415(j) govern not the building in which a student receives services, but the special education services that a student receives. In light of the Hearing Panel's Decision, SQJV's educational placement has been, and remains, a "Parentally Placed Private School," not funded by the Plaintiff, but in which he receives special education services provided by the Plaintiff.

2.  Plaintiff represents to this Court that the "stay-put" placement as provided by 20 U.S.C. § 1415(j) does not apply to the instant matter because such placement only applies through "initial judicial review." To reach that conclusion, Plaintiff relies on precedents from far afield, while ignoring the plain language of statute and Third Circuit precedent.

3.  Plaintiff represents to this Court that, because stay-put placement does not apply, Defendants therefore failed to demonstrate that they are entitled to a stay by demonstrating entitlement under the traditional prerequisites governing injunctive relief. Defendants addressed this contention in their Opening Brief, noting that stay-put placement is intended to demonstrate fitness for injunctive relief to the preclusion of the traditional four-factor test.

ARGUMENT

I.  **SQJV's Educational Placement Is A Publicly Funded ASL Interpreter At The Parent-Funded Parochial School**

The Plaintiff contends that this Court is powerless to stay its April 15, 2008, Order on the basis of "stay-put" placement as provided by 20 U.S.C. § 1415(j). This is the case, the Plaintiff contends, because SQJV attends St. Anne's Episcopal School (hereinafter "St. Anne's"), a parochial school, at his parents' expense. The Plaintiff alleges that applying the "stay-put" provision to that setting "would obliterate the distinction drawn . . . between students with disabilities who attend private school at public expense . . . and those, such as [SQJV] who attend private school at their parents' choice[.]" See D.I. 58 at 4-5.

It appears that Plaintiff's argument rests on the contention that the stay-put provision should not provide public funding for SQJV's enrollment at the parochial school. The Defendants are not asking this Court to apply the stay-put provision to provide public funding for SQJV's parochial school enrollment. The Defendants are asking this Court to apply the stay-put provision to maintain public funding for SQJV's "current educational placement" – specifically, the special education-related services which are delivered to him, via the ASL Interpreter, during his school day at St. Anne's. This "placement" – that is, public funding for the ASL Interpreter at a parentally funded private school – is the placement ordered by the Hearing Panel.

"The meaning of 'educational placement' falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP." See Bd. of Educ. of Cmty. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ., 103 F.3d 545, 548 (7th Cir. 1996). The U.S. Court of Appeals for the Third Circuit has examined the distinction

2

between the physical setting in which the student will receive education and special education services, and the "placement" as embodied by the specific services. See Pardini v. Allegheny Intermed. Unit, 420 F.3d 181, 188 (3d. Cir. 2005). In Pardini, the Third Circuit delineated the subject of stay-put placement disputes as "the child's entitlement to disputed services during the pendency of a dispute." Id. at 188 (3d. Cir. 2005)(emphasis added). In that instance, the court examined a dispute over a child's transition from an IFSP (Individualized Family Service Plan) to an IEP (Individualized Education Plan). See id. at 182. Early childhood services under an IFSP are delivered, by default, in a toddler's "natural environments." See 20 U.S.C. § 1436(d)(5). By definition, such environments are generally not within a public school program – thus, the statute requires an IFSP to justify the extent to which services will not be delivered in a toddler's "natural environments." See id. Thus, as in Pardini, a transition between an IFSP and an IEP usually implicates a transition into a public school program. See 420 F.3d at 84 (noting that the child "was embarking upon her first IEP and a public education"). The court in Pardini characterized the purpose of "stay-put" as simply maintaining the *status quo* during the pendency of a dispute. See id. at 190.

Further illustrating the division between "placement" and the physical setting where that placement is delivered, a student's stay-put placement may even be his or her home – a physical location which requires no public funding, but with public funding for the special educational services delivered to the student. See, e.g., W.E.B. v. Appoquinimink Sch. Dist., 38 Indiv. Disabilities Educ. L. Rep. 9 (D.Del. 2002)(Civ. Docket No. 01-499-SLR, issued Nov. 21, 2002).

3

Defendants discussed SQJV's current placement, under Delaware state regulations, in their Opening Brief. See D.I. 51 at 4-6. As per that discussion, SQJV's current placement is a "parentally placed private school." See 14 Del. Admin. C. § 925.27.1.8. The regulations define that placement as enrollment by parents in a parochial school, with basic tuition paid by parents, and with publicly funded special education and related services. See id. Such a placement does not require that a school district pay for the student's enrollment in the school building in which he or she will receive basic educational services. Instead, the placement for which the school district is responsible consists only of the "special education and related services at public expense from the local education agency." See id.

As Defendants noted in their Opening Brief, this placement became SQJV's "current educational placement" for stay-put purposes upon issuance of the Hearing Panel's Decision. See D.I. 51 at 5. The Plaintiff asserts that this placement, defined by the Delaware state regulations, is not actually SQJV's "current educational placement" because of Delaware regulations concerning the allocation of expenses to deliver services to parentally placed private school students. See D.I. 58 at 5. As evidence, the Plaintiff says that Section 925.27.1.8 of Title 14 of the Delaware Administrative Code must be "read, and interpreted, in conjunction with Sections 923.30 through 47.0." See id.

The sections of administrative code cited by the Plaintiff merely set forth the formula by which local education agencies must determine how much money to spend on parentally placed private school students in the district. These are the same sections of Delaware administrative code cited by the Plaintiff in its Opening Brief supporting its Motion for Summary Judgment. See D.I. 31 at 16-17, 19. In its Opening Brief, Plaintiff

4

admitted that "there is no dispute that [SQJV] is a parentally-placed private school student." See id. at 17. That is the title, under Delaware state regulations, of the stay-put placement that Defendants are here proposing for SQJV. See 14 Del. Admin. C. § 925.27.1.8. The Hearing Panel decision ordered the Plaintiff to provide a publicly funded ASL interpreter to SQJV "as a related service" at his privately funded parochial school. See D.I. 26, Part IX, at 26. Under the terms of Section 925.27.1.8 of Title 14 of the Delaware Administrative Code, therefore, it would appear that SQJV meets the definition of a student "enrolled by his parents in a regular parochial school, and whose basic education is paid through private resources, and who receives related services at public expense from the local education agency."

Indeed, this order by the Panel was the subject of the Plaintiff's appeal to this Court. The Plaintiff's dispute over whether the Panel correctly interpreted the Board's discretionary responsibilities was the basis of Plaintiff's Motion for Summary Judgment to this Court. Defendants' contention that this Court lacks jurisdiction to reach that legal conclusion is the basis of Defendants' appeal to the Third Circuit. Defendants' Motion to Stay is not an appeal to this Court to reexamine the merits of its jurisdictional decision. The Third Circuit has repeatedly held that a District Court's disagreement with a Hearing Panel is not a basis to override the "stay-put" provisions in Section 1415(j). See Drinker v. Colonial Sch. Dist., 78 F.3d 859, 865 (3d. Cir. 1996); Pardini, 420 F.3d at 190. The Third Circuit held in 1996, and reiterated in 2005, that

> The stay-put provision represents Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved.

See Pardini, 420 F.3d at 190 (citing Drinker, 78 F.3d at 865)(emphases added).

5

Therefore, this Court should find that, despite Plaintiff's protestations notwithstanding, SQJV's "current educational placement" for the purposes of applying 20 U.S.C. § 1415(j) is the provision of a publicly funded sign language interpreter in the parochial school paid for by his parents.

## II. Stay-Put Placement Applies Throughout Judicial Proceedings

The Plaintiff contends that, even though SQJV's "current educational placement" is the provision of a publicly funded sign language interpreter at his parentally funded parochial school, this Court should not issue a Motion to Stay based on the stay-put placement in 20 U.S.C. § 1415(j) because that provision "applies only through initial review of an administrative order by a federal district or state court." See D.I. 58 at 6.

To reach this conclusion, the Plaintiff brushes quickly past Third Circuit precedents, and relies instead on a 1997 decision by the U.S. Court of Appeals for the Sixth Circuit, a 1989 decision by the U.S. Court of Appeals for the D.C. Circuit, and a 1990 decision by a U.S. District Court in the District of New Hampshire. Plaintiff does not discuss the effect of the two subsequent revisions to IDEA on these decisions. Nor does Plaintiff directly address the language of the Third Circuit in Susquenita Sch. Dist. v. Raelee S. 96 F.3d 78 (3d. Cir. 1996).

In Susquenita, the Third Circuit noted that stay-put placement "requires that during the course of administrative and judicial proceedings, the child shall remain in the then current educational placement." See id. at 82 (emphasis added). The Third Circuit's use of the phrase "administrative and judicial proceedings" was not a passing mistake. The court noted, slightly later, that "a child's placement during the course of administrative and judicial proceedings typically has great significance for all

6

concerned." See id. (emphasis added). Still later, the same court noted that, without stay-put placement, parents would face two unpalatable alternatives while challenging an adverse decision "through the process of administrative and judicial review." See id. at 86 (emphasis added). The alternatives, in the absence of stay-put placement, would require that parents pay for expensive special education services themselves, or to abandon their possible meritorious appeal before a final judicial review. See id. For most parents, the Circuit noted, that is really a Hobson's Choice – most parents lack "the financial wherewithal" to pay for the stay-put placement on their own, and therefore Congress was justified in offering a more palatable third choice of publicly funded stay-put placement. See id. at 86-87.

The Plaintiff seeks to remove the instant matter from the stay-put reasoning set forth in Susquenita by distinguishing the factual circumstances giving rise to the dispute between parent and school district. See D.I. 58 at 5. Defendants do not believe that the rationale that the Third Circuit set forth in Susquenita depends on the factual analysis on which the Plaintiff focuses. However, the Plaintiff does not address the similar rationale for stay-put offered in Drinker. In that instance, the Third Circuit adopted the reasoning of the U.S. Court of Appeals for the Second Circuit that stay-put placement "substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and . . . a balance of hardships." See 78 F.3d at 864 (citing Zvi D. v. Ambach, 694 F.2d 904, 906 (2d Cir. 1982)). The court in Drinker also noted that stay-put placement should apply throughout the judicial appeals process, regardless of a court's pre-existing opinion on the merits of the case:

> "The [stay-put] provision represents Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or

7

> not, are to remain in their current educational placement until the dispute with regard to their placement is <u>ultimately</u> resolved."

78 F.3d at 864 (emphases added). While Congress amended and reauthorized IDEA in 1997 and 2004, the Third Circuit applied the same stay-put precepts from <u>Drinker</u> in <u>Pardini</u> in 2005. <u>See</u> 420 F.3d at 190.

The Plaintiff offers no argument that the pending appeal to the Third Circuit is <u>not</u> "a judicial proceeding," as per <u>Susquenita</u>. Nor does the Plaintiff offer any argument that the dispute has been "ultimately resolved," as per <u>Drinker</u> and <u>Pardini</u>. Indeed, the Third Circuit's precedents, established in <u>Drinker</u> and applied in <u>Pardini</u>, hold that a student's current educational placement should remain in effect throughout administrative and judicial proceedings, until it has been ultimately resolved. Additionally, the Circuit has noted in <u>Drinker</u> and <u>Pardini</u> that the order enforcing stay-put should be issued without regard for the opinions of the issuing judge on "whether the parents' case is meritorious or not."

### III.     Defendants Do Not Need To Satisfy Prerequisites For Injunctive Relief

As Defendants noted in their Opening Brief, the Third Circuit has repeatedly held that the traditional prerequisites for injunctive relief do not apply in IDEA cases, when parents seek to enforce IDEA's "stay-put" rule. <u>See</u> <u>Pardini</u>, 420 F.3d at 188; <u>see also</u> <u>Drinker</u>, 78 F.3d at 864; <u>see also</u> <u>C.A. v. Christina Sch. Dist.</u>, 19 Indiv. Disabilities Educ. L. Rep. (LRP Publications) 313 (D. Del. 1992). Therefore, Defendants need not make a demonstration under the traditional four-factor test for injunctive relief.

### CONCLUSION

As Defendants noted in their Opening Brief, stay-put placement applies to a student's "current educational placement" throughout appeals of an adverse decision.

8

The placement is determined by examining what placement was offered in the last IEP prior to the initiation of the appeal process. However, a decision by a Hearing Panel has the effect of an agreement between the school district and the parents to alter the "current educational placement." A decision by a court does not have the same effect of altering the "current educational placement." Thus, as of the date of the Hearing Panel's decision, and continuing on through the present, SQJV's current educational placement has been the provision of the publicly funded related service of an ASL Interpreter (per the Hearing Decision) at SQJV's parochial school as funded by parents (per Delaware state regulations and the Hearing Panel's decision not to award tuition).

In the Answering Brief, Plaintiff raised objections that SQJV's current placement was not St. Anne's Episcopal School. However, Defendants do not seek stay-put funding for SQJV at St. Anne's. Under Delaware state regulations, SQJV's placement as of the issuance of the Hearing Panel decision was a "parentally placed private school student," with his parochial school tuition paid by parents, and publicly funded related services. Defendants seek only the provision of the publicly funded "related service" of an ASL Interpreter at that school, as ordered by the Hearing Panel. Plaintiff offered a purported context for those regulations as a rationale for not issuing an Order staying this Court's Judgment. However, the regulations offered by Plaintiff, and the jurisdictional basis for this Court's application of them in its Judgment against Defendants, are part and parcel of the Defendants' appeal to the Third Circuit. As the Third Circuit held in 1996 and reiterated in 2005, "stay-put" placement applies to a student's "current educational placement" throughout judicial proceedings, and applies without regard to whether a parent's appeal is meritorious or not.

WHEREFORE, for the reasons set forth in the Opening Brief and this Reply Brief, the Defendants respectfully request that, pending resolution of the parents' appeal to the U.S. Court of Appeals for the Third Circuit, the Honorable Court issue a stay of its Judgment, entered April 15, 2008.

        RESPECTFULLY SUBMITTED,

/s/ Wayne D. Steedman
Wayne D. Steedman, Esq.
Federal Bar No. 9474
Callegary & Steedman, P.A.
201 N. Charles St., Suite 1402
Baltimore, MD 21201
(410) 576-7606
wayne@callegarysteedman.com
Attorney for Plaintiffs

/s/ Bruce L. Hudson
Bruce L. Hudson, Esq.
Delaware Bar No. 1003
Law Office of Bruce L. Hudson
800 N. King St., Suite 302
Wilmington, DE 19801
(302) 656-9850
delaw@brucehudsonlaw.com
Attorney for Plaintiffs