```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

THE BOARD OF EDUCATION OF THE        :
APPOQUINIMINK SCHOOL DISTRICT,       :
                                     :
                                     :
            Plaintiff,               :
                                     :
    v.                               :  Civil Action No. 06-770-JJF
                                     :
JULIE JOHNSON AND SAMUEL QUINTON,    :
JOHNSON IV, parents of SQJ, V        :
                                     :
                                     :
            Defendant.               :
```

Scott A. Holt, Esquire and Michael P. Stafford, Esquire of YOUNG
CONAWAY STARGATT & TAYLOR, LLP Wilmington, Delaware.
Attorneys for Plaintiff.

Wayne D. Steedman, Esquire of CALLEGARY & STEEDMAN, P.A.,
Baltimore, Maryland.
Bruce L. Hudson, Esquire of LAW OFFICE OF BRUCE L. HUDSON,
ESQUIRE, Wilmington, Delaware
Attorneys for Defendant.

**MEMORANDUM OPINION**

November 25, 2008
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is Defendants' Motion To Stay Pending Appeal. (D.I 51.) For the reasons discussed, the Court will deny the Motion.

**I. BACKGROUND**

The background relevant to this action has been set forth fully in the Court's decision (D.I. 46) granting summary judgment in favor of Plaintiff, the Board of Education of the Appoquinimink School District (the "District"). By way of summary, Plaintiff filed this action pursuant to 20 U.S.C. § 1415(i)(2)-(3) seeking judicial review of an administrative hearing decision rendered by the Administrative Hearing Panel (the "Panel") in connection with a complaint filed by Defendants alleging that their minor son's educational needs were not being met in the public school system, and therefore, he should be placed in St. Anne's Episcopal School (St. Anne's), a private school, at public expense. Defendants' son (the "student") is a twelve year old deaf child who is eligible to receive special education and related services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. and 14 Del. C. § 3103 et seq.

Although the Panel concluded that the District complied with the IDEA by providing the student with a free appropriate public education ("FAPE"), and therefore, the District was not required

1

to fund the student's placement at St. Anne's, the Panel
concluded that the District failed to properly exercise its
discretion when it declined to provide the student with a full-
time sign language interpreter while he attends St. Anne's. On
summary judgment, the Court reversed the Panel's decision as it
applied to the provision of a publicly funded full-time
interpreter for the student.

Defendants appealed the Court's decision, and filed the
instant Motion seeking a stay pending appeal and requesting the
District to continue to pay for the student's interpreter pending
a ruling from the Court of Appeals for the Third Circuit on their
appeal. The Motion has been fully briefed and is ripe for the
Court's review.

## II. THE PARTIES' CONTENTIONS

By their Motion To Stay Pending Appeal, Defendants contend
that under 20 U.S.C. § 1415(j), the "stay-put" provision of the
IDEA, the District is responsible for continuing to pay for the
student's interpreter pending the resolution of Defendants'
appeal. Defendants contend that the stay-put provision applies
to both administrative and judicial proceedings, and requires the
student to stay in his current educational placement during these
proceedings. Referring to 20 U.S.C. § 1415(j), 34 C.F.R. §
300.518 and judicial decisions interpreting those provisions,
Defendants contend that the student's current educational

2

placement is defined by the Panel's decision. Therefore, Defendants maintain that the student is a parentally placed private school student at St. Anne's, who is entitled to receive special education services in the form of an ASL interpreter, at least until the resolution of this appeal.

In response, the District contends that St. Anne's does not constitute the student's current educational placement under the Panel's decision, because the Panel rejected Defendants' argument that the student required private placement, at public expense, at St. Anne's in order to receive a FAPE. The District contends that a contrary ruling would "obliterate the distinction between students with disabilities who attend private school at public expense in order to receive FAPE and those, such as [the student here], who attend private school at their parents' choice despite the fact that a FAPE is available to them in the public schools." (D.I. 58 at 4-5). In the alternative, the District contends that even if St. Anne's is considered the student's current educational placement, the stay-put provision only applies through initial judicial review of an administrative order and does not apply throughout the entire judicial appeals process. Because the stay-put provision of the IDEA does not apply, the District contends that Defendants must demonstrate that a stay pending appeal is appropriate under the common law requirements for a stay pending appeal. The District points out that

3

Defendants have not made this alternative argument and in any event, contends that Defendants cannot demonstrate that those requirements are met here.

## III. DISCUSSION

The stay-put provision of the IDEA provides:

[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j). In this case, the parties dispute both the student's "then-current educational placement," and if that placement is at St. Anne's with a publicly funded full-time ASL interpreter, whether that placement continues through the pendency of an appeal to the Third Circuit.

A.    Whether The Student's Then-Current Educational Placement Includes The Provision Of A Publicly Funded ASL Interpreter Even Though He Is A Parentally Placed Private School Student

Discussing the Supreme Court's ruling in School Comm. of the Town of Burlington v. Dep't of Educ., 471 U.S. 359, 361 (1985), the Third Circuit explained that "a ruling by the education appeals panel in favor of the parents' position constitutes agreement for purposes" of defining the child's then current educational placement under the stay-put provision. Susquenita Sch. Dist. v. Raelee, 96 F.3d 78, 81 (3d Cir. 1996). This

4

principle is echoed in the regulations which provide:

> If the hearing officer in a due process hearing
> conducted by the SEA or a State review official in an
> administrative appeal agrees with the child's parents
> that a change of placement is appropriate, that
> placement must be treated as an agreement between the
> State and the parents for purposes of paragraph (a) of
> this section [which refers to a child's current
> educational placement].

34 C.F.R. § 300.518(d).  The Third Circuit has also concluded

that the stay-put provision encompasses not only the actual

physical placement of the child, but also the provision of

disputed services to the child.  Pardini v. Allegheny Intermed.

Unit, 420 F.3d 181, 192 (3d Cir. 2005) (holding that the child

could continue to receive disputed service until the dispute over

its appropriateness was resolved).

The difficulty in this case, however, is that the Panel

specifically rejected Defendants' contention that the student

required private placement, at public expense, at St. Anne's in

order to receive a FAPE, and went on to base its holding in favor

of the parents regarding the provision of services on the

District's alleged failure to properly exercise its discretion to

provide a publicly funded ASL interpreter.  That the Panel's

decision was based on a review of the District's discretionary

judgment and not on the failure of the District to provide the

child with a FAPE is a circumstance unlike the circumstances in

either Pardini or Susquenita.  In Susquenita, the state education

appeals panel found that the Individualized Education Plan

5

("IEP") proposed by the District for the student was deficient
and that the program offered in the private school was more
appropriate for the student.  96 F.3d at 79.  In determining
pendent placement for the child, the Third Circuit accepted the
appeals panel decision in light of the Supreme Court's decision
in Burlington that the appeals panel ruling in favor of the
parents constitutes agreement for purposes of identifying the
child's current placement under the stay-put provision.   In
Pardini, the circumstances were quite different in that they
concerned a child who was transitioning between Part C and Part B
of the IDEA.  As a result, the child had in place an
Individualized Family Services Plan ("IFSP") that included
conductive education when the dispute arose.  However, the
hearing officer concluded that the Allegheny Intermediate Unit
("AIU") was not required to continue those services.  Since the
parties' dispute arose before an IEP was implemented, the Third
Circuit, emphasizing the need to maintain the child's status quo,
concluded that the child's current educational placement was the
IFSP, because it was the placement in place at the time the
dispute arose, and not the prospective IEP proposed by the AIU
that had not yet been implemented.

     In this case, the Panel disagreed with Defendants and
expressly recognized that the District had no obligation to fully
fund an interpreter for the student in order to provide him with

6

a FAPE. Rather, the Panel's partially favorable decision for Defendants was based solely on the Panel's conclusion that the District failed to properly exercise its discretion in a nonarbitrary manner. The student here is a parentally placed private school student, and unlike Susquenita, his IEP was not deficient and the District here complied with its responsibility of providing the student with a FAPE. That Defendants chose to privately place the student is an elective choice, and therefore, the Court agrees with Defendants that this elective choice, absent a failure by the District to provide the child with a FAPE, cannot be said to have been done with the agreement of the District. Moreover, as the Court recognized in its previous decision, the District has a much more limited responsibility with regard to the provision of services for parentally placed private school students. Accordingly, the Court cannot conclude that the student's current educational placement should be considered St. Anne's with the provision of a fully funded ASL interpreter.

C.  Whether Defendants are Entitled to a Stay Under Section 1415(j)'s "Stay Put" Provision

In the alternative, even if the Court concludes that St. Anne's with a fully funded interpreter is the student's current educational placement, the Court concludes that this placement does not extend beyond the conclusion of review by this Court. There is a split in authority concerning the question of whether

7

the stay-put provision is meant to apply to review of a district court's decision by a circuit court. Although the Third Circuit has not expressly addressed this issue, it has been addressed by other appellate courts. See Kari H. v. Franklin Special School Dist., 125 F.3d 855 (6th Cir. 1997)(holding that Congress did not intend the stay-put provision to apply during circuit court review); Andersen v. Dist. of Columbia, 877 F.2d 1018 (D.C. Cir. 1989) (same). In addition, at least one district court in this Circuit has addressed the question, and reached a result contrary to that taken by the appellate courts. Ringwood Bd. of Educ. v. K.H.J, 469 F. Supp. 2d 267 (D.N.J. 2006) (concluding that the stay-put provision applies throughout the entire judicial process, including circuit court appeals).

Absent direct guidance from the Third Circuit, the Court is inclined to follow the reasoning of the circuit courts that have addressed this matter. These courts have considered the specific purpose of the stay-put provision, which was "'to prevent school officials from removing a child from the regular public school classroom over the parents' objections pending completion of the review proceedings.'" See e.g., Andersen, 877 F.2d 1018 at 1024 (emphasis in original) (quoting Burlington School Committee v. Massachusetts Dep't of Ed., 471 U.S. 359, 373 (1985)). As the Andersen court went on to explain:

Once a district court has rendered its decision approving a change in placement, that change is no

8

    longer the consequence of a unilateral decision by
    school authorities; the issuance of an automatic
    injunction perpetuating the prior placement would not
    serve the section's purpose.

Id.

    The Andersen court's rationale takes on particular
significance in this case, because the student is a parentally
placed private school student and the Panel did not find that his
placement at St. Anne's was required to provide him with a FAPE.
Moreover, the Court has concluded that public funding of an ASL
interpreter is not required, and therefore, any change in the
provision of services engendered by this decision is the result
of judicial review and not any unilateral action by the District.

    Further, the Court's decision does not leave parents of
children eligible for special education and related services
under the IDEA without an opportunity to pursue injunctive
relief.  Traditional common law principles of obtaining an
injunction remain available to parents seeking to maintain a
particular educational placement for their children pending
appeals beyond the district court.  In this case, however,
Defendants have not invoked those common law principles.

    Moreover, even if the Court considers the traditional
factors for injunctive relief here, the Court concludes that
Defendants cannot make the requisite showing.  To obtain
injunctive relief for purposes of staying this Court's judgment,
Defendants must show:  (1) the likelihood of success on the

merits of their appeal, (2) irreparable harm will result to them absent a stay, (3) there is no substantial harm to the opposing party if a stay is issued, and (4) a stay is in the public interest. See e.g., Republic of Phillippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir.1991). In this case, the Court concludes that Defendants cannot satisfy the second, third or fourth prongs required for relief. Defendants cannot demonstrate irreparable harm absent a stay, because retroactive relief is available to them under the IDEA to seek reimbursement for interpreter costs if they are ultimately successful on their appeal. See e.g., Burlington, 471 U.S. 370-371. In contrast, Defendants would be unlikely to be able to recoup the funds they expend on an interpreter if this Court's decision is affirmed.[1] Further, the Court concludes that the public interest will not be served by the provision of a full-time interpreter to the student while he attends St. Anne's. The purpose of the IDEA is to "ensure that every child receives a 'free and appropriate education.'" Susquenita, 96 F.3d at 86-87. In this case, the Panel concluded that a FAPE was available to the student in the

---

[1] While neither the United States Supreme Court nor the Third Circuit have addressed this issue directly, courts considering the issue have held that public school districts cannot recover funds spent on private school tuition and/or related services. See e.g., Clovis Unified School Dist. v. California Office of Administrative Hearings, 903 F.2d 635, 641 (9th Cir. 1990); Greenwich Bd. of Educ. v. Torok ex rel. J., 2003 WL 22429016, *3 n.7 (D. Conn. Oct. 22, 2003); Henry v. School Admin. Unit 29, 70 F. Supp. 2d 52, 59 (D.N.H. 1999).

10

District, and the student's placement at St. Anne's was not required to ensure that he receive a FAPE. In these circumstances, the Court cannot conclude that the cessation of public funding for a full-time interpreter for the student, who has been privately placed at the election of his parents, will deprive the child of a FAPE or be at odds with the public interest. To the contrary, the Court concludes that the public interest is served by adhering to the statutory funding scheme set forth in the IDEA for the provision of services to parentally placed private school students, rather than placing the burden of that funding solely and squarely on the taxpayers for the duration of these proceedings. Accordingly, the Court will deny Defendants' Motion.

## CONCLUSION

For the reasons discussed, the Court will deny Defendants' Motion To Stay Pending Appeal.

An appropriate order will be entered.

11